ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY *v.* NEWMAN

Opinion delivered October 21, 1912.

1. APPEAL AND ERROR—ABSTRACT—SUFFICIENCY.—Rule 9, requiring appellant to furnish "an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of all questions presented to this court for decision," is not complied with by filing a printed copy of the entire transcript. (Page 64.)

2. SAME—ABSTRACT—AMENDMENT.—Where attention to the insufficiency of the abstract is called before the case is submitted, and the delinquent party has in good faith attempted to comply with the rule, but failed, and offers to do so, further time is usually

given for that purpose; but where the case goes to submission, and the defective condition is subsequently discovered, the case will be affirmed for noncompliance with the rule.  (Page 64.)

Appeal from Crittenden Circuit Court; *Frank Smith,* Judge; submission set aside.

*W. F. Evans* and *W. J. Orr,* for appellant.

*A. B. Shafer,* for appellee.

PER CURIAM.  On examination of what purports to be the appellant's abstract, it is found to be no abstract or abridgment of the record at all, but a literal copy of the record. This is not a compliance with the rule of the court, for to print too much of the record is as much an infraction of the rule as to print too little.   Rule 9, in plain terms, requires the appellant to furnish "an abstract or abridgment of the transcript setting forth the material parts of the pleadings, proceedings, facts, and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of all questions presented to this court for decision."   This is required for the convenience of the court in the speedy dispatch of business; for, if the whole record is to be printed, the rule might as well be abrogated.   Nor is the application of the rule different where the legal sufficiency of the evidence is challenged by an assigment of error.   In that case it is only necessary to set out so much of the evidence as bears upon the particular issue alleged to be unsustained by evidence, and it is unnecessary to set out all the statements of every witness, including introductory and formal questions and answers.   The purpose in requiring the abstract is to reduce the record under investigation to a minimum, and this is not accomplished where the judges are required to read through the whole transcript.

The practice has been that, where attention is called to the insufficiency of the abstract in advance of the submission of the case, and it appears that the delinquent party has in good faith attempted to comply with the rule but failed, and offers to do so, further time is usually given for that purpose; but where the case goes to submission, and the defective condition of the abstract is discovered thereafter, the case is affirmed for noncompliance with the rule.   The present case has been regularly submitted, and

a strict enforcement of the rule would call for affirmance without giving appellant's counsel an opportunity to supply an abstract; but, inasmuch as there seems to have been a misconstruction of the rule with respect to printing the entire record, we deem it to be in the interest of justice not to inflict a drastic penalty. Hereafter the rules must be complied with, or the penalty will be strictly enforced. The submission of this case is, therefore, set aside, and appellant is required to furnish an abstract within two weeks from this date; otherwise the judgment will be affirmed.