THOMSON *v.* DIERKS LUMBER & COAL COMPANY.

4-7576               .               186 S. W. 2d 425

Opinion delivered April 2, 1945.

*Hancock & Hancock, Wesley Howard* and *B. E. Isbell*, for appellant.

*Byron Goodson, Abe Collins* and *Watson, Ess, Groner, Barnett & Whittaker,* for appellee.

McFADDIN, J. This appeal follows an unsuccessful attempt by the appellant to recover lands lost for non-payment of taxes. Two causes were consolidated in the chancery court.

From the abstract and briefs—and by exploring the transcript—we learn that in two complaints filed in the chancery court on October 1, 1943, plaintiff alleged that he was the owner of certain lands in Sevier county; and that the lands had forfeited to the State for the nonpayment of taxes for the year 1937; and that the defendants had acquired deeds from the State based on the said forfeitures; and that the sales to the State were *void* because of (1) excessive taxes levied, and (2) deficient tax records in the quorum court. Plaintiff prayed that all the tax deeds be canceled as clouds on his title. Defendants, *inter alia,* (1) denied plaintiff's ownership of all of the lands at the time of the forfeitures; (2) denied the invalidity of the sales to the State; (3) affirmatively pleaded that the State's title had been confirmed by decree of the Sevier chancery court on October 27, 1941, pursuant to the provisions of Act 119 of 1935 and amendments; and also (4) pleaded that under Act 423 of 1941 there was neither a right of redemption nor a right to attack the confirmation proceeding after the lapse of one year therefrom. Many of these allegations have been ascertained by exploring the transcript. Trial in the chancery court resulted in a decree for the defendants, from which there is this appeal.

At the threshold of this appeal, the appellant was met with a motion to dismiss the appeal for failure to comply with rule nine of this court. The appellees filed this motion in advance of filing a brief on the merits. We postponed disposition of the motion until consideration of the cause on the merits. This was because: (1) until sub-

mission on the merits the appellants might have offered to supply any deficiency in the abstract (*St. L. & S. F. Ry. Co.* v. *Newman,* 105 Ark. 63, 150 S. W. 560); or (2) the appellees, in their brief on the merits, might have supplied any deficiency in the abstract, and thereby lost the benefit of their motion even if originally tenable. But neither of these eventualities has occurred in this case.

Rule nine is one of the oldest rules of this court. Under its inherent power to promulgate rules, this court on January 12, 1837, (p. 22 of the Judgment Record of that year) promulgated the original rule nine which provided, in part, that the appellant should furnish in writing "a statement of the case, containing the substance of all of the material pleadings, facts, and documents upon which parties rely . . ." On March 7, 1885 (p. 33 of Record C-6 of this court) the original rule nine was amended to read as we now have it, and we quote in part:

"In all civil cases, the appellant shall file with the clerk of this court, when his case is subject to call for submission, an abstract or abridgment of the transcript setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of all questions presented to this court for decision. The abstract shall contain full references to the pages of the transcript."

In *Neal* v. *Brandon,* 74 Ark. 320, 85 S. W. 776 (decided in 1905) Chief Justice HILL said:

"It is earnestly insisted by the appellees that the judgment should be affirmed on account of the failure of appellant to comply with Rule IX in abstracting the record. That rule is disregarded in the abstract, which is prepared in such a way as to require each of the judges of the court to take the transcript and therein find the pleadings, records and evidence referred to in the abstract. The rule is intended to obviate this very slow and laborious method of ascertaining the facts of a case. . . . This rule has been in force twenty years, and the court has often said that no matters will be considered

except those properly abstracted in accordance therewith."

For other cases on rule nine see pages 52 to 54 of "Supreme Court Procedure" by C. R. Stevenson; and see West's Arkansas Digest, "Appeal and Error," § 592.

It will be observed that the rule requires the appellant to furnish an abstract of the transcript, setting forth "the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary for a full understanding of all questions presented to this court for decision." The abstract of the appellant in the case at bar fails to comply with this rule. We list the following particulars as illustrative:

1. On page 1 of his abstract, appellant states that the suit was filed against defendants (naming them) involving certain lands (describing same), "praying that a tax sale held in 1938 be declared void and of no effect." The abstract contains none of the allegations assigned in the complaint as to why the sale was claimed to be void. The matter quoted is all the information the abstract gives as to the grounds of attack alleged in the complaint. To ascertain the allegations we are forced to explore the transcript.

2. On page 3 of the abstract the appellant says: "Defendant, Dierks Lumber & Coal Company, filed its motion to require plaintiff to make complaint more definite and certain (Tr. 9) whereupon by leave of the court plaintiff strikes from his complaint paragraphs from 1 to 7 (Tr. 17)." Since the complaint is not abstracted, we are unable to tell what remained after these paragraphs were stricken. Furthermore, the paragraphs in the complaint are not numbered, and we are unable to ascertain whether this reference to stricken paragraphs related to entire paragraphs or merely to alleged defects in the tax sale.

3. On page 3 of the abstract the appellant says: "Plaintiff files his amendment to complaint in both causes of action (Tr. 19 and 46)." This is the only refer-

ence in the abstract to the amendment to the complaint, and we have no way of knowing what the amendment contained, unless we explore the transcript.

4. On page 3 of the abstract appellant says: "Defendants, Jeff Scott, Byron Goodson and Mrs. Byron Goodson, file their separate answer to plaintiff's amended complaint (Tr. 24)." This is the only reference in the abstract to the separate answer of these defendants, and we have no way of knowing what their answer contains unless we explore the transcript.

5. In short, when we explore the transcript we find 51 typewritten pages of pleadings, all of which are compressed into three pages of abstract. Thus the abstract is nothing more than an index to the pages in the transcript where the pleadings may be found. The abstract does not attempt to set forth the material parts of the pleadings as required by rule nine.

6. Regarding the evidence of excessive levy of taxes claimed to make the sale void, we find the following as the only reference in the abstract to such evidence: "Opening order of county court record 24, page 263, levying State tax of 8.6 mills introduced without objection (Tr. 72) and also county court record levying State tax of 8.6 mills for 1937 introduced without objection (Tr. 73 and 74). Also introduced without objection page 264, book 24, showing three-mill road tax levied for 1937 (Tr. 75-76)." We cannot determine, from this reference what the evidence was, or on what the appellant relied as showing the tax sale to be void. This statement in the abstract is merely an index to the transcript.

7. Finally, there is in the entire abstract no reference to any decree rendered in this cause in the chancery court.

So, without listing other deficiencies, it is enough to say that we have reached the conclusion that rule nine has been violated, and the appeal should be dismissed. It is only fair to both sides to say that a majority of the court has also reached the conclusion that the case would

be affirmed on the merits if we explored the transcript; but since affirmance must rest upon the failure to abstract, there is no need to discuss the reasons why the case would be affirmed if we considered the merits.

Appeal dismissed.

MILLWEE, J., disqualified and not participating.