208 P.2d 1153

HALLAS v. EVANS.

No. 4989.

Supreme Court of Arizona.

Aug. 22, 1949.

78

For former opinion, see 207 P.2d 985.

V. L. Hash, Phoenix, for appellant.

Cox, Lockwood & Lockwood, Phoenix, for appellee.

KELLY, Superior Judge.

Rehearing was granted in this cause upon appellee's motion, the ground assigned being that the court misconceived the law upon a point material to the determination of the appeal, "but which (quoting from the motion) was not fully presented by the briefs, argued in the oral hearing or considered by the court." Our former opinion in 207 P.2d 985, contains a full statement of the facts.

The legal proposition now tendered, for the first time expressed, is stated as follows: "When property is sold for taxes covering a number of years as an aggregate sum and the evidence shows that during some of those years the property was exempt from taxes, and during some it was not, the sale, the certificate of sale, and the deed based thereon are void".

The hearing was limited to a consideration of the question as above stated, and the subsidiary one of whether in Arizona we have a remedial statute which would cure the error, if any, in a sale within the purview of the primary proposition. Appellant again presents the contention that the power of the assessor to allow or to reject a claim for exemption invests him with a discretion not thereafter to be collaterally reviewed, but this point will not now again be considered, for it has been fully answered upon the first appeal, that a "mistake" stands upon a footing altogether distinct from the exercise of a discretion; and unquestionably altogether different results accrue to the claimant when the claim is disallowed than when it is allowed and erroneously entered and recorded. The language of the decision, that [64 Ariz. 142, 167 P.2d 99] "Any other conclusion under the facts in this case would be unconscionable" expresses not only the law of the case but the reaction to the facts of every mind which believes the law to be the handmaiden to justice.

A case similar in its implications to the present one is that of Forrest v. Henry, 33 Minn. 434, 23 N.W. 848, in which the owner offering to redeem was given by the auditor a statement of the amount necessary to complete the redemption, showing sums due for the taxes for two years, but omitting the tax unpaid for the intervening year. Payment according to the auditor's schedule was made by the owner, and it was held that proceedings later for the collection of the omitted amount were a nullity and the title based thereon was void.

It may be noted that the present question is not one of the right of the State to make the sale for the nonpayment of taxes during the year or years the exemption was not in effect, but of the validity of the sale as made for the aggregate of the tax during the years which included

some when the property was not exempt and some when it was improperly returned for taxation because of the assessor's error. A valid and allowed claim of exemption may be considered in every way as tantamount to payment, and the law of this case on the first appeal, 64 Ariz. 142, 167 P.2d 94, clearly announces the rule that (if the taxpayer) "fully complied with the statute by appearing before the County assessor and giving all information required, as provided in sections 73-303 and 73-304. * * * The failure of the assessor to designate the property correctly is no more binding on her than in a case where a taxpayer properly pays his taxes, but through error of the collector it is not credited against the tax on his property. In such case a sale of the property is void."

The question upon this precise point was properly submitted to the jury, and answered favorably to appellee; their answer was approved and confirmed by the judgment in the trial court.

The parties here are in perfect harmony and agreement upon one point in the case,—that is that the sale to the state was in a gross or aggregate sum for the taxes assessed over a period of years. By our former opinion, we held that the claims for tax exemption for the years 1932, 1933, 1934 and 1935 were valid and that the property for those years was, under our constitution and laws, exempt from any taxes. This holding we reaffirm. However, in the previous opinion we indicated there was insufficient evidence to show that the property was exempt from taxes for the last half of the year 1931 and remanded the case to the trial court to take evidence on this point. We were then of the opinion, that until it affirmatively appeared that an exemption had been filed for the year 1931, the appellee was not entitled to judgment. In so holding we were in error, a finding on the fact was unnecessary under the circumstances of this case. The tax sale included taxes assessed for the last half of 1931, and we are now holding that the inclusion in a tax sale of a claim for taxes for a year or years in which there is no taxes due voids the sale regardless of the fact that taxes may have been due for some year or years included within the sale.

By the overwhelming weight of authority it is held that the legal proposition presented by appellee and now before the court for disposition is correct, and it must be sustained. Indeed it is so well established as not to require citations to support it. An early case is that of People v. Hagadorn, 104 N.Y. 516, 10 N.E. 891, 894, where this unequivocal statement is made: "It has been repeatedly held that a sale of land for the taxes of several years, one of which is void, is an excess of jurisdiction in the officer making the sale, and renders his proceedings void. (Citations.)" The reason for this rule is aptly set forth in a quotation approved in Bucknall v. Story, 36 Cal. 67: "The entire sum is the

consideration of the deed, and this being void in part, is void in whole. The property must, at the time, be liable for all the taxes for which it is sold, for it is impossible to separate and distinguish between them so that the act may be in part valid and in part invalid." (Citing authorities.)

In Olsen v. Bagley, 10 Utah 492, 497, 37 P. 739, 740, the court expounds this principle most cogently. " * * * Tax sales are made exclusively under statutory power, and, unless all the necessary prerequisites of the statute are carried out, the tax sale becomes invalid. If one of the prerequisites fail, it is as fatal as if all failed. The power vested in a public officer to sell land for the nonpayment of taxes is a naked power, not coupled with an interest, and every prerequisite to the exercise of the power must precede its exercise. The title to be acquired under statutes authorizing the sale of land for the nonpayment of taxes is regarded as stricti juris, and whoever sets up a tax title must show that all the requirements of the law have been complied with." (Citing cases.)

"The purchaser at a tax sale relies on the letter of his bond, and he has a legal right to do so. But, under such circumstances, he must rest alone on the letter; he has no over-powering equity to justify a large and liberal interpretation of statutory proceedings in his favor." Eastman v. Gurrey, 15 Utah 410, 49 P. 310, 312. (Citing cases.)

The power of a tax collector to sell land in any case is special and limited to the end to be accomplished. This end is to coerce the delinquent to pay the taxes which have been assessed against him. This power exists only so long as the party is in default in performing his duty to the government, and can have no existence when there is no duty to be compelled.

The outstanding principle has been approved in the Arizona case of Arizona Land & Stock Co. v. Markus, 37 Ariz. 530, 296 P. 251, where the court in deciding upon the very heart of the controversy now before us held that a sale in an aggregate sum for the taxes of a series of years during part of which no tax was due was void and no title passed by it.

A subsidiary question is raised as to whether by statute, as in some states, the rigor of the rule is relaxed by curative provisions which would support the sale when the right to sell is complete, but the steps to effectuate it are erroneous. Such legislation has been enacted in several states, and in them the almost universal rule of strictissimi juris has been relaxed. A search of the code sections of Arizona on the subject of taxation reveals no statutory provision directly addressed to the subject or that could reasonably be held to have the effect of curing the error inherent in a sale for delinquent taxes where a part only of the alleged delinquency had an existence.

It follows that the decision heretofore made must be and is modified as herein indicated.

The judgment appealed from is affirmed.

LA PRADE, C. J., and UDALL and DE CONCINI, JJ., concurring.

NOTE: Due to illness, Justice R. C. STANFORD did not participate in the rehearing.