223 P.2d 403

SCHMITT et al. v. SAPP et al.

No. 5214.

Supreme Court of Arizona.

Oct. 30, 1950.

Robert R. Weaver, Phoenix, for appellants.

Laney & Laney, Phoenix, for respondents.

DE CONCINI, Justice.

This action was brought by Sapp et al., appellees, hereinafter known as plaintiffs, against Joe L. Schmitt et ux., et al., appellants, hereinafter referred to as defendants. The action was one to set aside a treasurer's tax deed issued to Joe L. Schmitt by the Treasurer of Maricopa County on March 3, 1945. The property had been sold under a certificate of purchase for delinquent taxes to the State of Arizona on February 1st, 1940. On August 15, 1944 one of the certificates was assigned to plaintiff Joe L. Schmitt. Two similar certificates were redeemed by him and all the taxes on the property were paid up to date. There had been no taxes paid on this property for the preceding twenty years except a one-half year installment under the ten year payment funding plan.

Plaintiffs rely on their claim to title to the property by virtue of a quitclaim deed from their grandmother dated May 11, 1933. At the time plaintiffs took title several of them were minors and at the time of the trial two of them were minors. The transcript of testimony reveals that the plaintiffs did not pay any taxes because they did not know anything about such things and relied upon their parents to do so.

The lower court found in favor of the plaintiffs and the defendants appeal here citing three errors of the court which may be summarized as follows: (1) that the court erred in rendering judgment for the

plaintiff below; (2) that the court erred in not granting defendants' motion for judgment; and (3) that the court erred in failing to grant defendants judgment on their cross-complaint praying that title be quieted in them. Assignments •1 and 2 were fully set forth by defendants and are worthy of attention while assignment 3 is inadequate and need not be considered under the rules and decisions of this court.

The trial court made no findings of fact and conclusions of law so we are at a loss to know on what grounds it held defendants' treasurer's deed void. The plaintiffs and defendants have each set out ten propositions of law and argument thereon attempting to sustain their respective positions. We need consider only the validity of the publication of notice by the county treasurer that application had been made to him for a treasurer's deed. A copy of the notice published follows:

"Treasurer's Office

"Notice is hereby given that Joe L. Schmitt, Jr. has applied for a treasurer's deed to the following described real property, owned by Kenneth Sapp, et al, and situated in Maricopa County, State of Arizona:

"Sec. 35 2N 3E Beg. 33'N & 450.5' E of SW cor Sec N957' E, 210.75' S 957 W 210.75' to beg. which on the 1st day of Feb. 1940 was sold to Joe L. Schmitt Jr. for taxes, interest, penalties and charges amounting to one Hundred Ninety-six Dol-

lars and Fifty-six cents ($196.56). If redemption according to law be not made before the 12th day of March, 1945, I will convey said premises to said applicant or his assigns.

"James E. Lindsay
Treasurer of Maricopa County
State of Arizona."

The two sections of Arizona Code Annotated 1939, with which the above notice must comply are the following:

"73-835. *Treasurer's deed.* If any real property, at any time after the expiration of five (5) years from the sale thereof for delinquent taxes, be not redeemed from such sale, the purchaser, or his assigns, including the state of Arizona, may, at his option, instead of filing suit as hereinabove provided, receive a treasurer's deed to such property on compliance with the two following sections. *The county treasurer, on demand of any such purchaser, shall cause to be published in two (2) consecutive weekly issues of the official newspaper of the county, a notice that the purchaser, or his assignee, has applied for a treasurer's deed, and that unless the property be redeemed before the date specified therein, a treasurer's deed will issue to such purchaser, or his assigns.* \* \* \*

"73-836. *Notice of application for treasurer's deed—Fee.—The date specified in any such notice shall be not less than thirty (30) days from the date of the first publication thereof,* and such notice shall state

the description of the property and the amount for which it was sold, together with the date of such sale and the name of the owner of such property, if known. * * * " (Emphasis Supplied.)

It will be noted that section 73-835 provides that the county treasurer shall cause to be published in two consecutive weekly issues of the official newspaper of a county a notice that the purchaser or his assignee has applied for a treasurer's deed, and that unless the property be redeemed before the date specified therein the treasurer's deed will issue. Section 73-836 provides the date specified in any such notice shall be not less than 30 days from the date of the first publication thereof. In the instant case the first publication of the notice was on February 9. Thirty days from February 9 would be Sunday, March 11, which would be the last day on which the plaintiffs could redeem their property according to the notice that it must be redeemed before March 12.

Counsel for defendant makes an ingenious argument to the effect that the statute does not set out a date nor does it require that the parties applying for a deed and the county treasurer allow the property owners a definite number of days in which to redeem. He further contends that the requirement is that the notice need only set a date upon which it is *too late* to redeem and that date shall be not less than thirty days from the date of the first publication; and that having been done, the requirements of the statutes have been met.

Plaintiffs contend that the notice itself was insufficient in its statement that redemption must be made before March 12, because the plaintiffs had up until the day before, which was Sunday, March 11, on which day the treasurer's office was closed and it was impossible for them to redeem. That section 35-103, A.C.A.1939, provides that whenever anything of a secular nature is provided to be done within a certain time and the last day thereof falls on a holiday, it may be performed on the next ensuing business day. Section 35-101, A.C.A.1939, provides that Sunday of each week is a holiday. Therefore, they would have all day of Monday, March 12, to redeem and the notice to redeem before March 12 was insufficient.

If we are to construe the above two mentioned statutes to mean that the plaintiff had thirty days in which to redeem the property from the date of the first publication of the notice, and that appears to be the only reasonable construction that can be put on those statutes, then the plaintiffs would have thirty days including Sunday, March 11, in which to redeem the property. Sunday being a holiday, they would be entitled to all of the following day, March 12, to redeem and the notice providing otherwise would be insufficient.

The question then is: Will such a defective notice render the treasurer's deed void?

This court is committed to the rule that merely directory proceedings in the

52

sale of property for nonpayment of taxes are not jurisdictional, and such directory statutes should be construed liberally. Consolidated Motors v. Skousen, 56 Ariz. 481, 109 P.2d 41. Certiorari denied 314 U.S. 631, 62 S.Ct. 64, 86 L.Ed. 507.

■ The above rule, however, does not apply to statutes that are mandatory, and as to those, compliance therewith is jurisdictional. Kincannon v. Irwin, 64 Ariz. 307, 169 P.2d 861, 862, holds: "There is no opportunity to liberally construe jurisdictional mandates." The latter must be complied with strictly. In Hallas v. Evans, 69 Ariz. 77, 208 P.2d 1153, 1155, on rehearing, this court cited and approved the following rule: " 'The purchaser at a tax sale relies on the letter of his bond, and he has a legal right to do so. But, under such circumstances, he must rest alone on the letter; he has no over-powering equity to justify a large and liberal interpretation of statutory proceedings in his favor.' Eastman v. Gurrey, 15 Utah 410, 49 P. 310, 312."

■■ Where a statute provides for publication of a notice that redemption must be made before a certain date, which day is thirty days from the first publication, we hold that a full thirty days must expire, and, if the last day is a holiday, the redemptioner will have the following business day to redeem. Any notice which gives less time than required by statute is void. Such a statutory requirement is jurisdictional and cannot be waived.

Defendants raise one more point on their appeal which requires attention. They contend that there was an insufficient tender made by plaintiffs to return defendants' out-of-pocket money which the latter paid in taxes, penalties, and interest. Plaintiffs' attorneys wrote a letter dated January 4, 1946, to defendants, "Exhibit H" in evidence, offering to reimburse defendants in full, and concluded with this paragraph: "As above indicated we would be glad to negotiate with you, with a view to paying some reasonable and fair amount in addition to what you have paid on the property, in order to have our clients avoid the expense of litigation."

Defendants contend that such a tender does not comply with Section 73-823, A.C.A. 1939, which provides that payment be made to the county treasurer for the amount due. The above section contemplates redemption before the treasurer's deed issues. After the treasurer's deed issues the county treasurer has no interest in the property for taxes represented by said deed. A tender to the county treasurer would be a futile thing because the county treasurer would be in no position to accept the tender for the reason that he already had divested the county of title by the issuance of his treasurer's deed.

■■ If any tender had to be made it should have been made to the defendants. However, the defendants set up in their answer that they were the owners in fee. It is apparent that any formal legal tender

would have availed nothing. Furthermore plaintiffs offered in their complaint to make the defendants whole plus ten percent interest as provided by law. An actual tender is unnecessary where it is apparent the other party will not accept it. DeMund v. Benson, 33 Ariz. 374, 265 P. 84. The law does not require one to do a vain and futile thing.

" * * * The familiar rule that the law does not require one to do a vain or useless thing excuses the making of a formal tender which would otherwise be required, where it is reasonably plain and clear that, if made, such a tender would be an idle ceremony and of no avail, as where it appears that a tender, if made, will be refused, for some reason unrelated to the tender or its sufficiency, * * *". 52 Am.Jur., Tender, Sec. 4, p. 216.

"* * * As at law, an actual tender by the debtor is unnecessary when it is plain, from the acts or conduct of the other party or the circumstances or situation of the transaction or property, that a tender would be nugatory, since equity does not require a useless and idle formality. * * *" 52 Am.Jur. 218, Sec. 5, p. 218.

In the case of Shumway et al. v. Fleishman et al., 66 Ariz. 290, 187 P.2d 636, the cross-complainant sought to quiet title in itself and did not allege or prove any formal legal tender, but merely offered to pay the full amount due the plaintiffs by virtue of its treasurer's deed. The cross-complain-ant's position was thus upheld. The plaintiff here is in a similar position.

We are of the opinion that the lower court was correct in holding the treasurer's deed void and granting judgment in favor of the plaintiffs.

Judgment affirmed.

LA PRADE, C. J., and UDALL, STANFORD and PHELPS, JJ., concur.