TRUSTEES OF FIRST BAPTIST CHURCH, 606 North Porter Street, Stuttgart;
Julius LONDON, Joe SCOTT, Moses WATSON, I.L. FERGUSON, Ronald HOLD, Stanford CUNNINGHAM, Leroy HILL,
Columbus OSBY and J.D. REED *v.* Austin WARD

85-37                                                            691 S.W.2d 151

Supreme Court of Arkansas
Opinion delivered June 10, 1985
[Rehearing granted in part; denied in part July 8, 1985.*]

---

* George Rose Smith, J., not participating. Remanded on rehearing.

*Marion A. Humphrey*, for appellant.

*Malcolm R. Smith, P.A.*, for appellee.

STEELE HAYS, Justice. This case involves the sufficiency of notice under Ark. Stat. Ann. § 84-1201.1 (Repl. 1980) to redeem property sold by tax sale. The property in question was conveyed on October 5, 1976 by James Johnson to Oreaner Sales, reserving a life estate with the power to sell. Taxes were not paid for the year

of 1976 (due in 1977) resulting in the forfeiture of the property pursuant to Ark. Stat. Ann. § 84-1101 et seq. Austin Ward, appellee, purchased the property at a tax sale on November 23, 1977.

On February 20, 1979, James Johnson conveyed the property to appellants, Trustees of the First Baptist Church on a deed prepared by the pastor of the church. No attorney handled the transaction and no inspection of the records for delinquent taxes was made. There was no redemption of the property within two years of the tax sale as allowed by § 84-1201 and on December 4, 1979 the clerk issued a tax deed to Ward.

Subsequent to the issuance of the tax deed the church discovered Ward's interest in the property and brought this suit to quiet title, claiming the tax sale was void due to insufficient notice to the church to redeem. A notice was published under Ark. Stat. Ann. § 84-1201.1, however, appellants claim the notice was void as it was listed in the name of Oreaner Sales, and was published less than thirty days prior to the redemption expiration date, contrary to the requirements of the statute. We reach only the issue of publication of notice, as the other point was not raised below.

The statute in question reads:

§ 84-1201.1—Publication of list of real property not yet redeemed.—The County Clerk in each county shall, not less than thirty (30) days nor more than forty (40) days prior to the expiration of the two (2) year period allowed by law for the redemption of real property sold for taxes, cause to be published in a newspaper of general circulation in the county, a list of all such real property not previously redeemed, the names of the owners of record, the amount of the taxes, penalties and costs necessary to be paid to redeem the property, the date upon which such period of redemption expires, and notice that unless such property is redeemed prior to the expiration of the period of redemption, the lands sold to the State will be certified to the State and lands sold to other purchasers will be deeded to such purchasers upon request therefor and the surrender of the certificate of purchase. [Acts 1969, No. 44, § 1, p. 53]

The two year period allowed for redemption under § 84-1201

would have expired on November 23, 1979. The notice in the newspaper was published on November 9 and November 16, 1979, stating the owner had until November 28, 1979, to redeem.

The trial court upheld the tax deed to appellee and found no merit in appellant's challenge to the redemption notice. The holding is in error.

We have not yet construed this 1969 statute, but in other jurisdictions such statutes are considered mandatory and must be strictly construed. Failure to comply with the requirements of the statute renders the notice and the sale ineffective. 72 Am.Jur.2d §§ 1010, 1011; 85 C.J.S. §§ 859, 860, 862. This general rule is applied with equal force to when notice must be given. A notice of the time when the right to redeem property from a tax sale will expire must be given within the period provided by statute, and a notice is of no effect if it is tardily given. *Schmitt* v. *Sapp*, 71 Ariz. 48, 223 P.2d 403 (1950); *City of New Rochelle*, 68 N.Y.S.2d 31, 271 App. Div. 977 (1947).

Our case law on tax forfeitures is consistent with the general rule. We have required strict compliance with the notice of the tax sales themselves before an owner can be deprived of his property, *Edwards* v. *Lodge*, 195 Ark. 470, 113 S.W.2d 94 (1938); *Brown* v. *Wall*, 206 Ark. 576, 176 S.W.2d 707 (1949) and we have given a liberal construction to redemption laws favoring the redemption of property from tax sales, *Brasch* v. *Mumey*, 99 Ark. 324, 138 S.W. 458 (1911); *Little* v. *McGuire*, 113 Ark. 497, 168 S.W. 1084 (1914). The notice in this case was not given within the time required by the statute, and is therefore void.

Appellee's contentions to appellants' challenge are without merit. He first argues appellant is prevented from bringing this action by the two year statute of limitations under § 84-1118 that starts running from the date of the tax sale. The cases are clear, however, that this section does not bar a meritorious defense to a tax deed. *Townsend* v. *Martin*, 55 Ark. 192, 17 S.W. 875 (1891); *Standard Sec. Co.* v. *Republic Mining & Mfg.*, 207 Ark. 335, 180 S.W.2d 575 (1944). This defective notice is a patently meritorious defense. See *Radcliffe* v. *Scruggs*, 46 Ark. 96, (1885). This section would be inapplicable in any case, as the cause of action for failure to properly notify to redeem would arise at the time the notice should have been published and not at the time of the sale. § 84-1118 was enacted in 1885, long before the enactment of § 84-

1201.1 in 1969 and would not have contemplated including the notice provision.

Appellee also urges appellants did not meet their burden of proof under § 84-1313. Although we think such burden was met, as with § 84-1118, our cases consistently hold this statute will not cut off a meritorious defense. *Cooper* v. *Freeman*, 61 Ark. 36 (1895). *Standard Sec. Co.* v. *Republic Mining & Mfg.*, *supra*.

Reversed and remanded.