Ruth Brandenburg ANDERSON *v.* FIRST NATIONAL
BANK of Hot Springs

90-272                                              801 S.W.2d 273

Supreme Court of Arkansas
Opinion delivered December 17, 1990

*John Wesley Hall, Jr.,* for appellant.

*Hobbs, Lewis, Mitchell, Garnett and Naramore,* by: *Ronald
G. Naramore,* for appellee.

DALE PRICE, Justice. The issue in this appeal is whether the
trial court erred in granting the appellee's motion for summary
judgment. We affirm.

The appellant, Ruth Brandenburg Anderson, married Wil-
liam M. Anderson, Jr., in October, 1981. They executed an
antenuptial agreement in which the appellant agreed to receive
nothing from Mr. Anderson's estate upon his death. A new will
was subsequently executed by Mr. Anderson, leaving the appel-
lant approximately one-third of his real and personal property.

The will was prepared by Henry Britt and nominated the appellee, First National Bank of Hot Springs (First National), as executor.

Mr. Anderson died on January 15, 1984, and the will was presented to probate court. The children of the appellant's deceased husband filed a will contest. First National was appointed administrator of the estate until the will contest was settled. Robert Hargraves was hired by First National as attorney for the estate. On August 6, 1984, the appellant and her deceased husband's children entered into a family settlement agreement which resolved the issues raised by the will contest and gave the appellant property from the estate.

The appellant alleged in her complaint against First National that (1) First National breached its fiduciary duty by hiring an attorney other than Henry Britt contrary to an agreement between William Anderson, Jr., and First National; (2) First National breached its fiduciary duty by refusing to defend the will in the will contest action and by coercing the appellant into signing the family settlement agreement; and (3) First National's conduct constituted the tort of interference with an inheritance.

First National filed its motion for summary judgment contending that there was no contractual agreement between First National and William Anderson, Jr., and the appellant had sustained no damages; no consideration was given for First National's alleged promise to hire Britt; the appellant was not coerced into signing the family settlement agreement; and the appellant was barred by principles of estoppel from denying the validity of the family settlement agreement.

The trial court entered summary judgment against the appellant stating there were no genuine issues of material fact to be decided. The appellant argues on appeal that the trial court erred in granting summary judgment since disputed issues of material fact existed.

It is well settled that summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as

a matter of law. ARCP Rule 56. Once the movant makes a prima facie showing of entitlement, the respondent must meet proof with proof by showing a genuine issue as to a material fact. *Pruitt v. Cargill, Inc.*, 284 Ark. 474, 683 S.W.2d 906 (1985). Because this appeal is from the trial court's granting of summary judgment, our review is limited and focuses on the pleadings, deposition testimony and other documents filed by the parties in support of their respective arguments.

The appellant first contends there was a genuine issue of material fact as to whether First National breached its fiduciary duty by refusing to hire Henry Britt as attorney for the estate. Mr. Britt had prepared the last will of Mr. Anderson, and it was alleged by the appellant in her complaint that Mr. Anderson had agreed to nominate First National as executor on the condition that First National hire Britt as attorney. The appellant testified by deposition that Gene Parker and Mike Dowling, officials of the trust department at First National, entered into an agreement with Mr. Anderson to hire Britt as attorney for the estate. She claimed this occurred following a board meeting in either September or October of 1983. Her only knowledge of the alleged agreement was obtained from conversations with Mr. Anderson. The appellant stated in her answers to interrogatories that Britt was a close personal friend of her deceased husband and that Britt would have served impartially and fairly for all beneficiaries under the will. It was her contention that Robert Hargraves, the attorney hired by First National, was biased and favored the children of Mr. Anderson. The appellant stated in her deposition that First National breached its fiduciary duty by not hiring Britt because it was standard procedure in Hot Springs to hire the attorney who prepared the will to represent the estate.

First National submitted the affidavits of Gene Parker and Mike Dowling, officers of the trust department. Each denied the existence of an agreement with Mr. Anderson to hire Britt as attorney for the estate. The appellant was unable to meet proof with proof as to the existence of an agreement by First National to hire Britt as attorney for the estate. Accordingly, there was no remaining issue of material fact to be tried in this regard and summary judgment was appropriate.

The appellant next contends there was a genuine issue of

material fact as to whether First National breached its fiduciary duty by its refusal to defend the will in the will contest proceeding and by its acquiescence in the execution of the family settlement agreement. In support of this contention, the appellant claims First National made threats to her former attorney to the effect that it would withdraw as executor if she did not sign the family settlement agreement. The affidavits of Gene Parker and Mike Dowling provided that they never communicated to the appellant that First National would withdraw as administrator if the appellant did not sign the family settlement agreement. Furthermore, the affiants stated they did not place any kind of pressure on the appellant or encourage her in any way to sign the family settlement agreement. The appellant acknowledged in her deposition that no one from First National intimidated her in this regard. She stated the intimidation was through her deceased husband's son-in-law and his attorney, and she "attributed this to the bank [First National] because they did not do their duty." The appellant was again in the position of being unable to meet proof with proof and there was no remaining issue of material fact to be tried in this regard.

A cause of action for the tort of interference with an inheritance was stated in the appellant's complaint. She alleges in her final assignment of error that First National failed to move for summary judgment on this point, and it was error for the trial court to grant summary judgment on this cause of action. The record reflects First National moved for summary judgment on the basis there was no genuine issue as to any material fact in the appellant's case and addressed the appellant's claim for loss of inheritance in its brief in support of summary judgment.

The appellant stated in her deposition that she understood the provisions of the family settlement agreement, acknowledged her signature on it, received benefits from it, and subsequently filed suit for the alleged breach of the agreement by her deceased husband's children. The trial court found there was no material issue of fact to be decided in this regard, and properly granted First National's motion for summary judgment on the appellant's claim of interference with an inheritance.