Brenda PYLE v. Wayde ROBERTSON

92-943                                    858 S.W.2d 662

Supreme Court of Arkansas
Opinion delivered July 5, 1993

*Martin E. Lilly*, for appellant.

*Robertson Law Firm*, by: *Jeannette A. Robertson*, for appellee.

TOM GLAZE, Justice. Appellant, Brenda Pyle, has multiple real estate holdings in Jonesboro, Craighead County, Arkansas. Pyle failed to pay taxes on a certain parcel of her holdings for the years 1978-1981 and the property was certified to the State Commissioner of Lands on October 15, 1982 for non-payment of taxes. Subsequently, on February 17, 1988, the parcel was sold by auction to the appellees Wayde and Jeanette Robertson. On August 22, 1988, Pyle filed a petition in Craighead Chancery Court naming as defendants the Robertsons, Craighead County and the State Commissioner of Lands seeking to have the judicial sale to the Robertsons set aside. Her petition, in part, alleged, "that Craighead County certified the property as being delinquent for the years 1978, 1979, 1980, and 1981 without notice or knowledge to her . . .". The Robertsons filed a motion for summary judgment together with supporting affidavits and exhibits which the Chancellor granted. In contrast, Pyle failed to introduce proof in response to Robertson's motion. By opinion letter, the chancellor stated the following:

> . . . there is no dispute over the fact the Plaintiff [Pyle] received notice of the delinquent taxes that allowed certifi-

cation to the state, received notice again from the State Land Commissioner's Office in 1986 by certified mail that the lands would be sold in 1988 at public auction, and had thirty (30) days from the sale to pay all delinquent taxes, interest, penalties, and costs to redeem this property, which she failed to do.

If a moving party supports its motion for summary judgment by making a prima facie showing of an absence of factual issues and entitlement to judgment as a matter of law, and the adverse party fails to set forth specific facts showing a genuine issue of material fact, then this court will not say the trial judge erred in granting summary judgment. *See, Harvison v. Charles E. Davis & Assoc.*, 310 Ark. 104, 835 S.W.2d 284 (1992); and *Bushong v. Garman*, 311 Ark. 228, 843 S.W.2d 807 (1992). However, when it comes to cases involving redemption of tax delinquent lands, this court has stated that strict compliance with the requirement of notice of the tax sales themselves is required before an owner can be deprived of his property. *Trustees of First Baptist Church v. Ward*, 286 Ark. 238, 691 S.W.2d 151 (1985). Thus, we must assure ourselves that proper notice was communicated before the Robertsons are entitled to judgment.

On appeal, Pyle boldly disputes she received the notice found by the trial court, but in making such argument, simply fails to abstract any of the affidavits and exhibits the Robertsons offered below on the notice issue. Such proof obviously was the basis of the trial court's granting summary judgment to the Robertsons, yet Pyle chose not to abstract Robertson's affidavits and exhibits, except one, even though it is her duty, as appellant, to abstract such material parts of the pleadings, proceedings, facts, documents and other matters in the record as are necessary to an understanding of all questions presented to us for decision. *See* Rule 4-2(a)(6) of the Rules of Supreme Court. Pyle also significantly fails to abstract the trial court's opinion letter which revealed its findings and basis of the court's award of summary judgment. This court had said that the lower court's decision is the heart of any appeal. *Duelmer v. Hand*, 286 Ark. 348, 692 S.W.2d 601 (1985).

We point out that the Robertsons supplemented Pyle's abstract by providing an abridgement of the trial briefs

filed in support of their motion for summary judgment as well as an abstract of *one* of the four affidavits filed in support thereof. However, our civil procedure rules clearly provide that the trial court may only consider "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any" for summary judgment purposes. Ark. R. Civ. P. 56(c). Because the appeal is from the trial court's granting of summary judgment, our review is limited and focuses on the pleadings, affidavits and other documents filed by the parties in support of their respective arguments. *Anderson* v. *First Nat'l Bank*, 304 Ark. 164, 801 S.W.2d 273 (1990). In distinguishing between motions to dismiss and motions for summary judgment, this court has consistently held that it is incorrect for a trial judge to base his or her decision whether to grant summary judgment on factual allegations made in the briefs and exhibits. *Godwin* v. *Churchman*, 305 Ark. 520, 810 S.W.2d 34 (1991); *Guthrie* v. *Tyson*, 285 Ark. 95, 685 S.W.2d 164 (1985). Here, it would be improper for this court to render a decision based upon factual allegations contained in the Robertsons' trial brief.

Accordingly, since the proof filed in support of Robertsons' motion can only be found within the confines of Robertsons' argument to the trial court, we are bound to affirm on appeal for want of a proper abstraction of the evidence. We cannot resolve an appeal concerning the validity of a tax sale such as the one here when neither the evidence presented, nor what evidence is relied upon by appellant, has been abstracted. *Thomason* v. *Dierks Lumber Co.*, 208 Ark. 407, 186 S.W.2d 425 (1945). Our review is on the record as abstracted, not upon the transcript. *Zini* v. *Perciful*, 289 Ark. 343, 344, 711 S.W.2d 477, 478 (1986).

In conclusion, we must allude to the dissenting opinion which, with all due respect, we believe is misleading. First, the opinion suggests the court failed to consider the supplemental abstract when, indeed, we combed it thoroughly. What the dissenting opinion fails to discern is that the Robertsons' abstract essentially summarized arguments and references to affidavits or exhibits in a trial brief. Pyle and Robertsons abstracted only one affidavit and none of the other several affidavits and exhibits bearing on the issues relevant to this appeal. As mentioned above, this court has consistently held it will not consider allegations made in briefs when considering whether the trial court erred in

granting summary judgment.

Second, the dissenting opinion refers to Pyle's argument that she believed she had paid all back taxes and no one disabused her of that understanding. Again, a receipt was obtained by Pyle when she made the 1984 payment and that receipt apparently reflects she paid only taxes for 1982 and 1983 but it is not abstracted. Also, although a proof of publication exists concerning notice given Pyle for nonpayment of her 1978 taxes, such is found nowhere in the parties' abstract.

For the reasons stated above, we affirm.

BROWN, J., dissents.

ROBERT L. BROWN, Justice, dissenting. I question whether the abstracting in this case is so flagrantly deficient under Supreme Court Rule 4-2(b)(2) as to warrant an affirmance on all issues. The Robertsons certainly did not think so, as they did not raise the issue. The majority does so on its own. I specifically question the majority's assertion that Brenda Pyle did not abstract the affidavits attached to the Robertson's Motion for Summary Judgment. She did.

Pyle's primary argument is that when she paid to redeem her land in 1984, she believed that she had paid *all* back taxes owing. No one at the time disabused her of this understanding. Her abstract contains the following:

1. The Petition to Set Aside the Sale and the Response where she avers that she redeemed her property on November 6, 1984.

2. The Motion for Summary Judgment filed by the Robertsons with a summary of the affidavit by Jane Todd, County Clerk of Craighead County, an affidavit by Steve Hollowell, Assistant to the State Land Commissioner, and an affidavit by Carol Ward, Tax Collector for Craighead County.

3. The Response by Pyle to the appellees' Motion for Summary Judgment and a subsequent Reply to the Response.

4. The Order Granting Summary Judgment to the appellees, stating that the court finds that there are no material issues of fact in dispute and that the payment of taxes in 1984 did not excuse the plaintiff from the obligation of paying taxes for previous

years.

The Robertsons' Supplemental Abstract includes the following:

1. Their Motion for Summary Judgment with summaries of the affidavits of the Craighead County Clerk, the executive assistant to the State Land Commissioner, and the Craighead County Collector.

2. An expanded description of the Reply by the appellees to the Response of Pyle.

Brenda Pyle challenges the summary judgment on the basis that there is a material issue of fact regarding what transpired when she paid the delinquencies in 1984. Sufficient pleadings and affidavits are presented to this court, in my judgment, for a resolution of that issue on the merits. In determining the sufficiency of an abstract we have looked in the past at both the appellants' abstract and the appellee's supplemental abstract. *See, e.g., Bangs* v. *State*, 310 Ark. 235, 835 S.W.2d 294 (1992). Indeed, Supreme Court Rule 4-2(b)(1) contemplates consideration of a supplemental abstract by the appellee. There is no reason why we should not take into account the supplemental abstract in the present case.

It is true that we do not have in the abstract the chancery court's letter opinion and certain exhibits were not included. Those lapses do represent deficiencies. Yet, we do have the court's order granting summary judgment and the pleadings, motions, and affidavits joining the issue. Accordingly, I do not agree that the abstract is *flagrantly* deficient as Supreme Court Rule 4-2 requires for an affirmance due to noncompliance with the rule.

I respectfully dissent.