Duretha LOEWER, as Administratrix of
the Estate of Minnie Sanford, Deceased *v.*
CLA-CLIFF NURSING and REHABILITATION CENTER

00-1331                                                  39 S.W.3d 771

Supreme Court of Arkansas
Opinion delivered March 22, 2001
[Petition for rehearing denied April 19, 2001.]

*Timothy O. Dudley,* for appellant.

*Fletcher Long, Jr.,* for appellee.

RAY THORNTON, Justice. Appellant, Duretha Loewer, brings this appeal as the administratrix of the estate of Minnie Sanford. Ms. Sanford, who suffered from dementia and osteoporosis, developed pneumonia and died on September 16, 1998, at the age of ninety. On February 16, 1999, appellant filed a complaint against appellee, Cla-Cliff Nursing and Rehabilitation Center [Cla-Cliff], alleging that Ms. Sanford suffered a broken right leg in January of 1998 and a broken left leg in August of 1998, as well as bruises, abrasions, and swelling on her face and upper body, during the time that she was a resident at Cla-Cliff. Appellant complained that these injuries were the result of negligent care by Cla-Cliff's employees, and that complications from Ms. Sanford's injuries caused her to develop pneumonia which led to her death.

Contending that appellant's claim raised an issue relating to a "medical injury" as defined by the Arkansas Medical Malpractice Act, Ark. Code Ann. § 16-114-201 *et.seq.* (1987), and that appellant had failed to offer proof of the required standard of medical care, or any proof that appellee had failed to meet that standard, appellee moved for summary judgment. In response, appellant argued that her claim was not for a "medical injury" and that she did not have to provide expert testimony. She supported her claim that the standard of ordinary negligence should apply to her case, with Ms. Sanford's medical records and excerpts from the deposition given by Ms. Sanford's physician, Dr. Jerry Morgan, that he had been told by Cla-Cliff employees that Ms. Sanford's injuries had resulted from a fall. Specifically, appellant argued that appellee's employees were negligent because they: (1) intentionally abused Ms. Sanford; (2) failed to use ordinary care in properly supervising Ms. Sanford; or (3) failed to follow Dr. Morgan's order that Ms. Sanford be restrained.

Appellee then filed a supplemental motion for summary judgment, asserting that there was no proof that appellee committed any actions that would support a claim of negligence, and that there was no proof that appellee abused Ms. Sanford. In support of its motion, Cla-Cliff filed affidavits from its staff. The staff members stated that Ms. Sanford was not abused or neglected and that because of her illness she would sometimes "thrash" about in her bed. Each of the staff members also asserted that Ms. Sanford had not fallen during the previous two years while in the care of Cla-Cliff. Additionally, appellee offered portions of Dr. Morgan's deposition testimony in support of its motion for summary judgment. Dr. Morgan testified that Ms. Sanford's broken legs and other injuries could have been caused by her thrashing about in her bed.

Appellant responded to appellee's motion for summary judgment by arguing that there was evidence to support the theory that Ms. Sanford had been injured by a fall rather than as a result of thrashing around in her bed. Specifically, appellant offered testimony from Dr. Morgan, who stated that he was informed by Cla-Cliff employees that Ms. Sanford had fallen and broken her leg in January and the other leg in August 1998. Dr. Morgan also testified that the broken leg sustained in August 1998 was consistent with an injury that would occur when an individual falls. Dr. Morgan's medical records reflected that he was told by Cla-Cliff employees that Ms. Sanford fell. Based on this testimony, appellant argued that there was an issue of fact as to whether appellee's employees had acted negligently in failing to follow Dr. Morgan's order to restrain Ms. Sanford which caused her to fall and sustain injuries. Dr. Morgan's testimony was that he had ordered that Ms. Sanford be restrained when she was in her wheelchair.

Ruling that the injuries were "medical injuries," the trial court granted appellee's motion for summary judgment because appellant had failed to offer proof as to the requisite standard of care in a medical malpractice case, and appellant failed to offer proof that appellee had not complied with that standard of care in the treatment of Ms. Sanford. The trial court also found that even if appellant's claim was for simple negligence "there is no proof of any such negligence before the court and there is proof by way of affidavit that no such negligence occurred." It is from this order that appellant appeals.

In her only point on appeal, appellant argues that the trial court improperly granted appellee's motion for summary judgment. We have held that summary judgment is an extreme remedy. *Guthrie v. Kemp*, 303 Ark. 74, 793 S.W.2d 782 (1990). Summary

judgment is appropriate when the pleadings, depositions, answers to interrogatories, and affidavits show that there is no genuine question of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Anderson v. First National Bank of Hot Springs,* 304 Ark. 164, 801 S.W.2d 273 (1990). The burden of proving that there is no genuine issue of material fact is upon the movant, and all proof submitted must be viewed favorably to the party resisting the motion. *Ford v. St. Paul Fire & Marine Ins. Co.,* 339 Ark. 434, 5 S.W.3d 460 (1999). On appellate review, we determine if summary judgment was proper based on whether the evidence presented by the movant left a material question of fact unanswered. *City of Dover v. A. G. Barton,* 342 Ark. 521, 29 S.W.3d 698 (2000).

■ After reviewing the motion for summary judgment, the accompanying affidavits, and exhibits, we hold that a genuine issue of material fact exists. We conclude that a question exists as to whether the injuries were medical injuries sustained while Ms. Sanford was thrashing about in bed, or whether there was a negligent breach by custodial personnel of Dr. Morgan's orders to restrain Ms. Sanford, causing a fall that resulted in her injuries. Because this question is unresolved on the record before us, we hold that it was error to grant a motion for summary judgment. Accordingly, we reverse the trial court and remand this matter for further proceedings consistent with this opinion.

Reversed and remanded.

BROWN and IMBER, JJ., concur.

ROBERT L. BROWN, Justice, concurring. I concur in the reversal and the remand. I write to point out that my reading of the abstract is that the only order from Dr. Jerry Morgan regarding restraints for Ms. Sanford concerned Ms. Sanford in a wheelchair. According to Dr. Morgan's deposition, he had ordered that she be tied in the wheelchair with a bed sheet. The abstract reflects no order from Dr. Morgan that Ms. Sanford be restrained in bed. Five nurses' affidavits state that Ms. Sanford had not fallen since December 6, 1996. Thus, the only issue of material fact resulting from the nurses' affidavits and Dr. Morgan's deposition relates to whether Ms. Sanford was injured falling from her wheelchair, in violation of Dr. Morgan's order that she be so restrained. That is the issue that needs to be resolved in further proceedings before the trial court.

IMBER, J., joins.