2009 Ark. App. 324

**JARSEW, LLC, Appellant**

v.

**GREEN TREE SERVICING, LLC, Appellee.**

**No. CA 08–1016.**

Court of Appeals of Arkansas.

April 22, 2009.

Stephen E. Whitwell, North Little Rock, for appellant.

Eichenbaum, Liles & Heister, P.A., by: Mitchell L. Berry, Little Rock, for appellee.

WAYMOND M. BROWN, Judge.

By order entered May 28, 2008, the Crawford County Circuit Court granted a motion for summary judgment in favor of Green Tree Servicing, LLC ("Green Tree"). The court found that the Commissioner of State Lands failed to conduct the sale of the property in question in accordance with the dictates of Ark.Code Ann. § 26–37–301(a)(2) (Supp.2007). Accordingly, Green Tree had the first lien on property formerly belonging to Katherine and Mark DeSantis.[1] Jarsew, LLC, purchaser of the subject property in a tax sale, appeals from the grant of summary judgment. It contends that the circuit court erred in finding that its interest in the subject property was inferior to that of Green Tree. The circuit court erred in finding that Green Tree, as an interested party rather than an owner, was entitled

to *actual* notice of the tax sale. Accordingly, we reverse and remand.

On October 30, 1998, the DeSantises executed a note, security agreement, and mortgage in favor of Greenpoint Credit Corporation ("Greenpoint") for $94,261.16. The money was used for the purchase of a manufactured home. The lien was perfected by filing. On the certificate of title, Greenpoint listed its address as "P.O. Box 171175, Memphis, TN 38187." Greenpoint later merged with Green Tree, and the companies continued under the name Green Tree. The companies filed a certificate of merger with the Delaware Secretary of State on September 23, 1999.

The DeSantises failed to pay property taxes, and their land was forfeited and certified to the Commissioner of State Lands. Jarsew purchased the property in a negotiated tax sale, and it received a limited warranty deed on November 16, 2006.[2] The record shows that notice of the sale was sent to the DeSantises and received by Katherine DeSantis on May 23, 2005, and on January 10, 2006. Notice was also sent to Guaranty Abstract, the title company involved in the sale of the property. Said notice was received by Bradley Skinner on September 15, 2006. Notice was also sent to Greenpoint at the address listed on the certificate of title on September 26, 2006, but the notice was returned as undeliverable. Notice was also published in the local newspaper of record.

Green Tree filed a foreclosure complaint on May 21, 2007, against Jarsew and the DeSantises. It alleged that its interest in the property was superior to any interest belonging to Jarsew. Jarsew responded by asking the court to quiet title to the

---

1. The DeSantises had a default judgment entered against them. They are not parties to this appeal.

2. Jarsew received a second deed on November 27, 2006. The first deed contained an error in the legal description of the subject property.

property in its name. Green Tree moved for summary judgment on October 22, 2007, and the court granted Green Tree's motion on May 28, 2008. In the order, the court found that the sale to Jarsew was not valid because Green Tree did not receive *actual* notice of the tax sale; thus, the tax sale did not extinguish Green Tree's rights to the property. Jarsew filed a timely notice of appeal.

■ Jarsew challenges the grant of summary judgment in favor of Green Tree. It argues that notice of the tax sale complied with all statutory and constitutional notice requirements; thus, it was entitled to the subject property free and clear of any interest Green Tree may have in the property.[3]

Summary judgment should be granted only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *O'Marra v. MacKool*, 361 Ark. 32, 204 S.W.3d 49 (2005); *Riverdale Dev. Co. v. Ruffin Bldg. Sys., Inc.*, 356 Ark. 90, 146 S.W.3d 852 (2004). We determine if summary judgment was appropriate based on whether the evidence presented by the moving party in support of its motion leaves a material fact unanswered, viewing the evidence in the light most favorable to the nonmoving party and resolving all doubts and inferences against the moving party. *George v. Jefferson Hosp. Ass'n*, 337 Ark. 206, 987 S.W.2d 710 (1999); *Adams v. Arthur*, 333 Ark. 53, 969 S.W.2d 598 (1998).

■ The circuit court granted summary judgment to Green Tree, thus finding that it had rights in the subject property, after concluding that the Commissioner of State Lands failed to comply with the notice requirements of Ark.Code Ann. § 26–37–301. The relevant portion of that statute reads:

(a)(1) Subsequent to receiving tax-delinquent land, the Commissioner of State Lands shall notify the owner, at the owner's last known address as certified by the county, by certified mail, of the owner's right to redeem by paying all taxes, penalties, interest, and costs, including the cost of the notice.

(2) All interested parties shall receive notice of the sale from the Commissioner of State Lands in the same manner.

. . . .

(c) As used in this section, "owner" and "interested party" means any person, firm, corporation, or partnership holding title to or an interest in the property by virtue of a bona fide recorded instrument at the time of certification to the Commissioner of State Lands.

The issue of notice given to a party with an interest in tax-delinquent land is a matter of statutory interpretation, which we review de novo on the record. *Mays v. St. Pat Props., LLC*, 357 Ark. 482, 182 S.W.3d 84 (2004). When we construe a statute, our duty is to construe the statute just as it reads. *Jones v. Double "D" Props., Inc.*, 352 Ark. 39, 98 S.W.3d 405 (2003). We look first to the plain language of the statute and give the words their plain and ordinary meaning. *Id.* If the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no need to resort to the rules of statutory construction. *Id.*

---

**3.** Jarsew also contends that Green Tree was not entitled to summary judgment because Green Tree did not have an interest in the subject property. Jarsew relies on a notation on the agreement indicating that Greenpoint sold the loan to First National Bank of Chicago on February 1, 1999. While Jarsew made the argument at trial in opposition to Green Tree's motion for summary judgment, it failed to obtain a ruling on the issue. Accordingly, that argument is not preserved for appellate review. *See Carson v. County of Drew*, 354 Ark. 621, 128 S.W.3d 423 (2003).

██ The question here is whether the notice statute requires interested parties to have *actual* notice of a tax sale. Before a state may take property and sell it for unpaid taxes, the Due Process Clause of the Fourteenth Amendment requires the government to provide the owner notice and opportunity for hearing appropriate to the nature of the case. *Jones v. Flowers*, 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006). Strict compliance with the notice requirements of section 26–37–301 is necessary before an owner can be deprived of his or her property. *Mays, supra.* The notice statute does not require the Commissioner to take every step possible to see that the notice letter arrives in the property owner's hand; it only requires that the Commissioner notify the owner, at the owner's last known address, by certified mail, of the owner's right to redeem the property. *Mays, supra; Double "D" Props., supra.* When mailed notice of a tax sale is returned unclaimed, the Commissioner must take additional reasonable steps to attempt to provide notice to the property owner before selling his property, if it is practicable to do so. *Flowers, supra.*

Green Tree argues that the foregoing analysis and authorities in support are irrelevant because they involved notice to the *owner* of the property rather than an *interested party*. It relies on the subsection (a)(2), which states that interested parties "shall receive notice of the sale." But the notice requirement imposed for interested parties is the same as the notice required for owners, as evidenced by the portion of the statute that requires notice to be given "in the same manner" as those for owners. In other words, owners and interested parties are treated similarly under the notice statute. Green Tree's argument is also inconsistent with precedent. The Supreme Court of the United

States has held that actual notice is not necessary as long as the government provides "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Flowers*, 547 U.S. at 226, 126 S.Ct. 1708 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

Once notice was returned as undeliverable, the Commissioner was obligated to take any additional reasonable steps to attempt to provide notice to Green Tree before selling his property if practicable to do so. Green Tree argues that the Commissioner could have checked with the Arkansas Secretary of State, which would have led to the discovery that Greenpoint was a Delaware company, which would have led to the discovery that Greenpoint had merged with Green Tree. However, the record is not conclusive on whether this search would have been practicable and led to this result. There remains a genuine issue of material fact as to whether the Commissioner's actions were consistent with federal constitutional standards.

The circuit court erred in granting summary judgment to Green Tree, as there is no statutory or constitutional requirement that Green Tree receive *actual* notice of the tax sale. Further, there is still a question as to whether the Commissioner was required to take any additional steps to provide Green Tree with notice. Accordingly, we reverse the grant of summary judgment and remand this case for further proceedings.

Reversed and remanded.

VAUGHT, C.J., and HART, J., agree.