2010 Ark. App. 429
**ESTEROSTO, LLC, Appellant**

v.

**Randy D. KINSEY, et al., Dianna L. Kinsey, Twin City Bank, Daniel Family Trust, John Ostie, Sr., Estate of John Ostie, Sr., Preola Conway Lockhart, Estate of Dolly Moore, and Ella M. Bogard, Appellees.**

**No. CA 09–984.**

Court of Appeals of Arkansas.

May 12, 2010.

Christopher M. Nolen, Little Rock, AR, for appellee.

Sammie P. Strange, Jr., Hosto, Buchan, Prater & Lawrence, Little Rock, AR, for appellant.

RITA W. GRUBER, Judge.

This case is before us on appeal for the third time. We dismissed Esterosto, LLC's, first appeal for lack of a final order. *Esterosto, LLC v. Kinsey*, 2009 Ark. App. 396, 2009 WL 1362345. Esterosto returned to the trial court to cure that problem, which the trial court did on July 14, 2009, by entering an Amended Order. On March 3, 2010, we again dismissed Esterosto's appeal: this time because Esterosto did not file a notice of appeal from the Amended Order. *Esterosto, LLC v. Kinsey*, 2010 Ark. App. 213, 2010 WL 724517. Esterosto has filed a petition for rehearing on the ground that it did in fact file a timely notice of appeal from the Amended Order on August 10, 2009. The Pulaski County Circuit Clerk failed to include the timely notice of appeal in the supplemental record filed with this court; rather, the clerk mistakenly included the first notice of appeal, dated August 13, 2008. The error was not discovered until we issued our opinion dismissing the appeal for lack of jurisdiction. Attached to Esterosto's petition for rehearing is a certified copy of the correct notice of appeal and an affidavit of the Pulaski County Circuit Clerk explaining that the clerk mistakenly placed the wrong notice of appeal in the supplemental record. We grant the petition and issue this substituted opinion.

The issue in this case is whether a notice provided by the Commissioner of State Lands to tax-delinquent property owners Dianna and Randy Kinsey complied with Arkansas statutory notice requirements

and with the dictates of federal constitutional due process. Esterosto, LLC, the purchaser of the Kinseys' property at the tax sale, filed a petition in Pulaski County Circuit Court to quiet title to the property. The circuit court found that the Kinseys had not received notice of the tax sale and dismissed Esterosto's petition. Esterosto appeals from that dismissal. We hold the notice provided in this case complied with Ark.Code Ann. § 26–37–301 (Repl.1997) and with the Due Process Clause of the Fourteenth Amendment, and we reverse and remand to the circuit court to enter an order quieting title to the property in Esterosto, LLC.

Dianna and Randy Kinsey owned property located in the Barton's Addition to North Little Rock. In March 1998, the Pulaski County Assessor's Office certified the property to the State as tax delinquent. The Commissioner of State Lands sent notice of the delinquency by certified mail to the Kinseys in May 1998, indicating that the property would be sold on ⌊₃May 18, 2000, unless the Kinseys redeemed the property before that date. The notice was mailed to 138 Pecan Valley Drive, Sherwood, Arkansas, which was the Kinsey' home address. The return receipt card was signed, illegibly, and returned to the Commissioner of State Lands. In January 2000, the Commissioner sent a second notice by certified mail to the actual address of the delinquent property, which was returned to the Commissioner's office with the notation "no such number." On May 11, 2000, the Commissioner published notice of the sale in the Arkansas Democrat–Gazette.

The Commissioner offered the property for sale on May 18, 2000, but no bids were received. Three years later, Esterosto made a bid for the property and purchased it in a negotiated sale with the Commissioner in June 2003. On June 26, 2003, the Commissioner sent another letter to the Kinseys notifying them that the property had been sold.

On January 5, 2008, Esterosto filed a petition to quiet title to the property in order to confirm the tax sale. At trial, the Kinseys denied signing the receipt for the notice and denied that they had ever received a copy of the notice. Mr. Kinsey also testified that the property was tax exempt but admitted on cross-examination that the property that was certified by the assessor's office as tax exempt was not this property but another parcel owned by the Kinseys. Indeed, the Kinseys had received a letter from the county assessor's office denying tax-exempt status for the property at issue in this case.

The circuit court entered an order denying Esterosto's petition and dismissing it with prejudice. Specifically, the court found that the Commissioner of State Lands fully complied ⌊₄with Arkansas's statutory requirements and mailed notice to the Kinseys at their residence by certified mail, return receipt requested. The court also found that the return receipt for the letter was signed and returned to the Commissioner, although the signature on the receipt was not legible. The court found credible the testimony of the Kinseys that they did not receive the letter and thereafter concluded that the Kinseys "did not receive actual notice of the tax sale." Esterosto brought this appeal.

Esterosto contends on appeal that the notice procedure used by the Commissioner of State Lands in this case strictly complied with Ark.Code Ann. § 26–37–301 and also satisfied constitutional due process requirements. Therefore, Esterosto argues, the circuit court erred in dismissing its petition for quiet title. The issue of notice given to a party with an interest in tax-delinquent land is a matter of statutory interpretation, which we review de novo on

the record. *Jarsew, LLC v. Green Tree Servicing, LLC,* 2009 Ark. App. 324, 308 S.W.3d 161.

## I.

■ Under Arkansas law, the Commissioner of State Lands was required to "notify the owner, at the owner's last known address, by certified mail, of the owner's right to redeem by paying all taxes, penalties, interest, and costs, including the cost of the notice." Ark.Code Ann. § 26–37–301(a)(1) (Repl.1997). In this case, there is no dispute that the Commissioner fully complied with these statutory requirements and mailed notice to the Kinseys at their residence by certified mail. Indeed, while the statute in effect at the time did not require a return receipt, a return receipt was requested in this case. Neither is there a dispute that the receipt was signed and returned to the Commissioner. The notice was not returned "unclaimed" or "undelivered." [1] The statute does not require actual notice. In this case, the Commissioner complied with the statute.

## II.

■ In addition to complying with the statute, the notice sent must satisfy the Due Process Clause of the Fourteenth Amendment. Due process does not require that a property owner receive actual notice before the government may take his property. *Jones v. Flowers,* 547 U.S. 220, 226, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006). Rather, due process requires the government to provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

In *Jones,* the Arkansas Commissioner of State Lands had mailed notice of a tax sale by certified letter, return receipt requested, to a tax-delinquent property owner. The post office returned the unopened packet to the Commissioner marked "unclaimed." At the time the notice was mailed, Arkansas did not have any additional notification requirements for unclaimed notices. Jones, the property owner, challenged the tax sale claiming that the Commissioner failed to provide notice to him and contended that the statutory procedures were not constitutionally adequate. The trial court found that the statutory notice procedures complied with constitutional due process requirements and ruled in favor of the Commissioner and Flowers, the purchaser at the tax sale. The Arkansas Supreme Court agreed and affirmed the trial court's judgment. The United States Supreme Court reversed, holding that "when mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner before selling his property, if it is practicable to do so." 547 U.S. at 225, 126 S.Ct. 1708.

The Court noted that actual notice is not required, that notice has been deemed constitutionally sufficient if it was reasonably calculated to reach the intended recipient when sent, and that the failure of notice in a specific case does not establish the inadequacy of the attempted notice. *Id.* at 226–31, 126 S.Ct. 1708. In other words, the Court made it clear that the constitutionality of a particular notice procedure is to be assessed *ex ante* rather than *post hoc. Id.*

1. The statute, as amended since 1997, now requires additional steps if the notice by certified mail is returned "unclaimed" or "undelivered." Ark.Code Ann. § 26–37–301(a)(3)-(4) (Supp.2009).

at 231, 126 S.Ct. 1708. But the Court determined that due process entails further action when the government becomes aware prior to taking that its attempt at notice has failed. *Id.* at 227, 126 S.Ct. 1708. The Court found in *Jones* that the State had good reason to suspect when the notice was returned unclaimed that Jones was no better off than if the notice had never been sent. The Court held, in that situation, that the State was required to take additional reasonable steps to notify Jones if practicable to do so. *Id.* at 234, 126 S.Ct. 1708.

The Kinseys are not like the property owner in *Jones.* In this case, the Commissioner sent the notice by certified mail, return receipt requested. The receipt was signed and returned. It was not returned "unclaimed." Thus, unlike the situation in *Jones,* the Commissioner in this case was not aware that the notice had failed. We do not believe the Due Process Clause requires the Commissioner to investigate every signature to insure it is in fact the signature of the property owner. The Court made it clear in *Jones* that actual notice was not required and the failure of notice in a specific case does not establish the inadequacy of the attempted notice. *Id.* at 231, 126 S.Ct. 1708. As long as the Commissioner performed as required by the statute and the statutorily prescribed notice complied with due process—that is, the notice was reasonably calculated to reach the intended recipient—it has done enough. In this case, there is no dispute that the address was correct and that the return receipt was returned to the Commissioner with a signature. No additional steps were required to satisfy due process.

### III.

■ On appeal, the Kinseys also argue that the circuit court's order was correct because the contents of the notice mailed to the Kinseys did not strictly comply with the statute. *See* Ark.Code Ann. § 26–37–301(b) (Repl.1997). This argument was not brought to the attention of the trial court. Thus, neither the parties nor the trial court had the opportunity to develop it. *See Haire v. State,* 340 Ark. 11, 8 S.W.3d 468 (2000) (holding court will not consider arguments not properly developed). The sole issue raised and addressed in the trial court was the method of notice used by the trial court. *See* Ark.Code Ann. § 26–37–301(a) (Repl.1997). We will not review an issue raised for the first time on appeal. *Ark. Beverage Retailers Ass'n v. Langley,* 2009 Ark. 187, 305 S.W.3d 427; *see also Stills v. Stills,* 2010 Ark. 132, 361 S.W.3d 823, and *City of Little Rock v. Rhee,* 375 Ark. 491, 498, 292 S.W.3d 292, 296–97 (2009).

Finally, the Kinseys contend that, even if the notice did comply with the statute and was constitutionally sufficient, the circuit court was correct in dismissing Esterosto's petition because the property at issue should have been tax exempt. Whether the property should have been tax exempt is irrelevant. The undisputed evidence at trial established that the property was not tax exempt. The county assessor had never declared this property to be tax exempt; taxes levied on the property remained unpaid; and the property was certified to the State as tax delinquent. Any challenge to the tax status of the property should have been made long before now.

Reversed and remanded.

VAUGHT, C.J., and PITTMAN, ROBBINS, KINARD, and GLOVER, JJ., agree.