## CITIFINANCIAL MORTGAGE CO., INC. *v.*
Kenneth MATTHEWS, Desonia Pope Matthews, Jack D. McClain,
Sue N. McClain, and the Arkansas Commissioner of State Lands

07-431                                              271 S.W.3d 501

### Supreme Court of Arkansas
#### Opinion delivered January 17, 2008

*Wilson & Associates, PLLC,* by: *H. Keith Morrison,* for appellant.

*William C. Ayers, Jr.,* for appellees.

PAUL E. DANIELSON, Justice. Appellant Citifinancial Mortgage Co., Inc., appeals from the order of the circuit court granting the motion for summary judgment filed by appellees Jack and Sue McClain. Citifinancial argues on appeal that the circuit court erred in granting summary judgment in favor of the McClains because the failure of the Arkansas Commissioner of State Lands to provide proper notice of the public tax sale in the instant case rendered the private sale void and, furthermore, that failure violated its due process rights. We find no error and affirm.

The underlying facts in the instant case are undisputed by the parties. The real property at issue is located in Crittenden County and was previously owned by Kenneth and Desonia Pope Matthews. However, the property was certified to the Commissioner for failure to pay taxes on the property for the tax years 1998 and 1999. On October 11, 2001, the Commissioner first notified the Matthews of the delinquent status of their property. The notice was sent by certified mail and informed the Matthews that the property would be subject to a public sale scheduled for October 15, 2003. In addition, notice of the public sale was published in the local newspaper, *The Evening Times.* The Matthews had a mortgage on the property through Associates Home Equity Services, Inc. The notice listed the mortgagor as a lienholder on the property.

The property was offered for sale on October 15, 2003, at a public auction, but no bids were made and the property was not

sold. Therefore, the property became available for a privately negotiated sale through the Commissioner's office. On February 1, 2004, the McClains made an offer to purchase the property. Prior to the private sale to the McClains, the Commissioner sent notice of the sale to the Matthews, the current resident, Housing and Urban Development, and Associates, currently known as Citifinancial.[1]

The taxes were not paid, and the property was not redeemed; therefore, a deed conveying the property to the McClains was executed on May 27, 2004. Citifinancial commenced this action on January 3, 2005, seeking to set aside the negotiated sale because it had not been provided notice by certified mail of the public sale and alleging that the Matthews had defaulted on their loan, thereby entitling Citifinancial to foreclosure on the mortgage it held on the property. The Commissioner and the McClains filed timely answers.

On August 22, 2005, Citifinancial filed a motion for summary judgment arguing that the Commissioner had not complied with Ark. Code Ann. § 26-37-301(a)(2) (Repl. 1997 & Supp. 2007) because it did not send Citifinancial notice of the public sale by certified mail. The circuit court denied that motion on September 13, 2006. Citifinancial filed a second motion for summary judgment on July 31, 2006, citing a decision of the United States Supreme Court, *Jones v. Flowers*, 547 U.S. 220 (2007), and arguing that it applied to the instant case. The McClains filed their motion for summary judgment on August 23, 2006, relying on the circuit court's previous order that found Citifinancial had received proper notice. The circuit court denied Citifinancial's second motion for summary judgment on January 3, 2007. In the same order, the circuit court granted the McClains's motion for summary judgment.

Citifinancial filed a timely notice of appeal on February 2, 2007. The court of appeals certified the case to this court on November 28, 2007, and we accepted certification on November 30, 2007.

Citifinancial contends that the failure of the Commissioner to provide it notice by certified mail of the public tax sale that was scheduled for October 15, 2003, was a violation of Ark. Code

---

[1] Associates became Citifinancial on January 2, 1998.

Ann. § 26-37-301 (Repl. 1997 & Supp. 2007) and rendered the subsequent privately negotiated sale invalid. It argues that because notice before a tax sale is a requirement that calls for strict compliance, it should have received the same notice of the first sale that was afforded to the property owners.

The McClains respond by first arguing that the notice provided to Citifinancial before the property was sold sufficiently complied with section 26-37-301. While the McClains concede that the Commissioner failed to send notice of the first-scheduled sale by mail to Citifinancial, they contend that proper notice of the only sale that actually occurred, the private sale to the McClains, was sent to and received by Citifinancial, which met the statutory requirement. Furthermore, the McClains aver that Citifinancial requests a tortuous construction of the statute when the crux of its argument is that it did not receive notice of a sale that never took place.

Summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *See Benton County v. Overland Dev. Co., Inc.*, 371 Ark. 559, 268 S.W.3d 885 (2007). Once a moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *See id.* On appeal, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material fact unanswered. *See id.* This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *See id.* Our review is not limited to the pleadings, as we also focus on the affidavits and other documents filed by the parties. *See id.* After reviewing undisputed facts, summary judgment should be denied if, under the evidence, reasonable men might reach different conclusions from those undisputed facts. *See id.*

In cases involving redemption of tax-delinquent lands, strict compliance with the requirement of notice of the tax sales themselves is required before an owner can be deprived of his or her property. *See Tsann Kuen Enters. Co. v. Campbell*, 355 Ark. 110, 129 S.W.3d 822 (2003); *Jones v. Double "D" Props., Inc.*, 352 Ark. 39, 98 S.W.3d 405 (2003); *Pyle v. Robertson*, 313 Ark. 692, 858 S.W.2d

662 (1993). Section 26-37-301 (Supp. 2007)[2] provides the following regarding notice:

(a)(1) Subsequent to receiving tax-delinquent land, the Commissioner of State Lands shall notify the owner, at the owner's last known address as certified by the county, by certified mail, of the owner's right to redeem by paying all taxes, penalties, interest, and costs, including the cost of the notice.

(2) All interested parties shall receive notice of the sale from the Commissioner of State Lands in the same manner.

(3) If the notice by certified mail is returned unclaimed, the Commissioner of State Lands shall mail the notice to the owner or interested party by regular mail.

(4) If the notice by certified mail is returned undelivered for any other reason, the Commissioner of State Lands shall send a second notice to the owner or interested party at any additional address reasonably identifiable through the examination of the real property records properly filed and recorded in the office of the circuit clerk in the county wherein the property is located as follows:

(A) The address shown on the deed to owner;

(B) The address shown on the deed, mortgage, assignment, or other filed and recorded document to the interested party; or

(C) Any other corrected or forwarding address on file with the county tax collector or county tax assessor.

(b)(1) The notice to the owner or interested party shall also indicate that the tax-delinquent land will be sold if not redeemed prior to the date of sale.

(2) The notice shall also indicate the sale date, and that date shall be no earlier than one (1) year after the land is certified to the Commissioner of State Lands.

---

[2] While this statute was amended in 2007, the language relevant to the instant case was not changed by that amendment.

(c) As used in this section, "owner" and "interested party" means any person, firm, corporation, or partnership holding title to or an interest in the property by virtue of a bona fide recorded instrument at the time of certification to the Commissioner of State Lands.

(d) The Commissioner of State Lands shall not be required to notify, by certified mail or by any other means, any person, firm, corporation, or partnership whose title to or interest in the property is obtained subsequent to certification to the Commissioner of State Lands.

(e)(1) If the Commissioner of State Lands fails to receive proof that the notice sent by certified mail under this section was received by the owner of a homestead, then the Commissioner of State Lands or his or her designee shall provide actual notice to the owner of a homestead by personal service of process at least sixty (60) days before the date of sale.

(2) As used in this subsection:

(A) "Homestead" means the same as defined in § 26-26-1122; and

(B) "Owner of a homestead" means:

(i) Every owner if the homestead is owned by joint tenants; and

(ii) Either the husband or the wife if the homestead is owned by tenants by the entirety

(3) The owner of a homestead shall pay for the additional cost of the notice by personal service of process under this subsection.

Ark. Code Ann. § 26-37-301 (Supp. 2007).

The basic rule of statutory construction is to give effect to the intent of the legislature. *See McMickle v. Griffin*, 369 Ark. 318, 254 S.W.3d 729 (2007). Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *See id.* In considering the meaning of a statute, we construe it just as it reads, giving the

words their ordinary and usually accepted meaning in common language. *See id.* We construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible. *See id.*

Citifinancial argues that it was an "interested party" by virtue of its mortgage on the real property that is the subject of this case. The plain language of this statute simply instructs that owners and interested parties must be notified of "the sale" sometime subsequent to the time the Commissioner received the tax-delinquent property. While the sale date must be no earlier than one year after the land is certified to the Commissioner, *see* Ark. Code Ann. § 26-37-301(b)(2) (Supp. 2007),[3] the statute does not make a distinction between a sale by a public bid and a negotiated sale. In addition, the statutes on the sale or forfeiture of real property do not make the sale a two-step process requiring two separate notices. Arkansas Code Annotated § 26-37-202(b) (Repl. 1997 & Supp. 2007) simply instructs that if there are no bids for the property at its assessed value, the Commissioner may negotiate a sale.

On March 23, 2004, proper notice was sent to Citifinancial informing it that the property was scheduled for a negotiated sale. The notice specifically stated "[i]f you have an interest in the property, in order to avoid its sale and additional costs, you should contact the Records Department of this office immediately for a petition to redeem . . . ." Citifinancial took no action, and sixty-five days later, the McClains bought the property.

█ The sale made to the McClains was the only sale that actually took place in this case. Citifinancial does not argue that the Commissioner failed to send it proper notice of that sale. Indeed, we have held that we will not interpret a statute to yield an absurd result that defies common sense. *See National Home Centers, Inc. v. First Arkansas Valley Bank*, 366 Ark. 522, 237 S.W.3d 60 (2006). Were we to hold the sale of the property to the McClains void in this case, we would hold that Citifinancial had a right to receive notice of a previously scheduled sale that did not occur, although it had received actual notice of the very sale held void and chose not to take any action after receiving that notice. We cannot say that such was the intent of the General Assembly.

---

[3] The time period provided by the statute applicable at the time of the instant case would have been two years after the land was certified to the Commissioner.

Citifinancial next argues that it was deprived its due process of law because it was not afforded an opportunity to protect its property interest or to raise any objections it had to the public sale. Citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), it contends that it was deprived of due process of law when it was not given "notice reasonably calculated, under all the circumstances, to apprise [it] of the pendency of the action and afford [it] an opportunity to present [its] objections." 339 U.S. at 314. In addition, Citifinancial cites *Jones v. Flowers*, 547 U.S. 220 (2007), for the proposition that notice requirements are subject to a due-process analysis.

First, because a public sale never took place, no property interest was lost and no objections to such a sale were necessary. The actual notice received by Citifinancial was given before any sale was completed. Secondly, the cases cited by Citifinancial are not analogous or applicable to the instant case. In those cases, the appellants did not receive actual notice before they were deprived of their property interest. *See Jones v. Flowers, supra*; *Walker v. City of Hutchinson*, 352 U.S.112 (1956); *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306 (1950); *Tsann Kuen Enters. Co. v. Campbell*, 355 Ark. 110, 129 S.W.3d 822 (2003).

Citifinancial further avers that the lack of notice of the public sale gave them a smaller amount of time to act as opposed to the two years it alleges it would have had if it had been given proper notice of the public sale. It does not cite to any authority indicating that due process somehow entitles it to two years' notice. As previously noted, section 26-37-301 only provides a time line for the sale date, not the notice requirement. The statute does not guarantee two years' notice, and even the landowner himself is only guaranteed actual notice sixty days before the date of the sale. *See* Ark. Code Ann. § 26-37-301(e)(1). Here, Citifinancial had actual notice of the only sale that took place, the purchase by the McClains. We decline to hold that the notice statute was violated simply because Citifinancial chose not to act upon the timely notice it received.

Affirmed.