The Honorable Andrea Lea State Representative Post Office Box 1342 Russellville, Arkansas 72811-1342
Dear Representative Lea:
This is my opinion on your questions about filling a city council vacancy in a city of the first class. Your request cites the governing statute, A.C.A. § 14-43-411 (Supp. 2009).[1]
One could summarize the statute's rules as follows: *Page 2 
1. In a smaller city, the council fills each vacancy and must do so at the first regular meeting after it occurs.
2. In a larger city, if the unexpired term is longer than a year, the council chooses whether to fill the vacancy itself or call a special election, and must do one or the other at the first regular meeting after the vacancy occurs.
3. In a larger city, if the unexpired term is a year or less, the council fills the vacancy, but is not expressly required to act at any particular time.
The statute expressly requires the council to take action on a vacancy at the first regular meeting after it occurs in three of four possible cases: smaller city/long-term vacancy; smaller city/short-term vacancy; and larger city/long-term vacancy. Only in the larger city/short-term vacancy instance is the statute silent on the time by which the council must act.
You ask whether the "first regular meeting" requirement of A.C.A. § 14-43-411(b)(1) (the larger city/long-term vacancy provision) applies to vacancies to be filled under A.C.A. § 14-43-411(b)(2) (the larger city/short-term vacancy provision). You also ask about the "legal ramifications" of the council's failure to act under A.C.A. 14-43-411(b)(2) where the unexpired term is approximately three months.
RESPONSE
In my opinion, the "first regular meeting" requirement of A.C.A. § 14-43-411(b)(1) does not apply to vacancies to be filled under A.C.A. § 14-43-411(b)(2), but a court would hold that the council is required to fill the vacancy within a reasonable time after it occurs. The council's failure to fill a vacancy described in A.C.A. § 14-43-411(b)(2) would not, in my opinion, necessarily have any particular legal ramifications. Depending on all the attendant facts and circumstances, any one of several provisions of law may supply a remedy or impose a sanction, but the fact-intensive nature of the inquiry prevents me from giving a definitive opinion on the question. *Page 3 
Question 1 — Does the "first regular meeting" requirementof A.C.A. § 14-43-411(b)(1) apply to vacancies to be filledunder A.C.A. § 14-43-411(b)(2)?
The fundamental rule of statutory construction is to give effect to the intent of the legislature. E.g., Citifinancial Mortgage Co.,Inc. v. Matthews, 372 Ark. 167, 271 S.W.3d 501 (2008). In the absence of ambiguity, legislative intent is determined from the ordinary and usually accepted meanings of the language used. Id. If a statute is clear and unambiguous, it is given its plain meaning, without further search for legislative intent. E.g., City of Ft. Smith v. Carter,372 Ark. 93, 270 S.W.3d 822 (2008). In such a case, there is "no need to resort to rules of statutory construction." Jones v. Double "D"Properties, Inc., 352 Ark. 39, 46, 98 S.W.3d 405 (2003).
In my opinion, the plain meaning of the words used in A.C.A. § 14-43-411(b) is apparent.[2]
The subsection (i.e., "(b)"), as a whole, governs all council vacancies in larger cities. Each vacancy is classified in one of two statutory categories (i.e., "(1)" or "(2)"), depending on the length of the unexpired term. The categories are clearly alternatives: no vacancy can be described by both (1) and (2). The statute uses the word "or" between (1) and (2), demonstrating beyond any real doubt that the categories are intended to be exclusive alternatives.
The categories being alternatives, it follows that a rule contained within the statutory provision applying to only one of the alternatives is limited to that category. Accordingly, in my opinion, the "first regular meeting" rule of A.C.A. § 14-43-411(b)(1) *Page 4 
does not apply to vacancies to be filled under A.C.A. § 14-43-411(b)(2), because it is stated only in the statutory language applicable to vacancies within the first category.
This is not to say that a council is free to delay indefinitely the filling of a vacancy under A.C.A. § 14-43-411(b)(2). When a statute requires a person or body to take action but is silent on when the action must be taken, courts generally interpret the statute to require action within a reasonable time. See, e.g., Marsh v. City of ElDorado, 217 Ark. 838, 233 S.W.2d 536 (1950), and Wortham v.Director of Labor, 31 Ark. App. 175, 790 S.W.2d 909 (1990); seealso Op. Att'y Gen. 2006-123 (relying on Marsh andWortham to reach opinion that statute requiring city council to fill vacancy in elected municipal office other than alderman (A.C.A. § 14-43-412 (Repl. 1998)) "would be read as imposing a duty to fill the vacancy within a reasonable time after the occurrence of the vacancy"), and 97-343 (where statute did not specify time to act, city council could override veto within reasonable time). In my opinion, a court would hold that a city council obligated to fill a vacancy under A.C.A. § 14-43-411(b)(2) is required to take action within a reasonable time after the vacancy occurs.
The question of whether an action has been taken within a reasonable time is, in my view, a question of fact that "depends on the nature, purpose and circumstances of such action." A.C.A. § 4-1-205(a) (Supp. 2009); see McKay Properties,Inc. v. Alexander Assoc., Inc.,63 Ark. App. 24, 971 S.W.2d 284 (1998) (quoted statutory language provided appropriate guidance by analogy even though statute was not applicable by its terms); see also Dority v. State,329 Ark. 631, 635, 951 S.W.2d 559 (1997) (whether probation revocation hearing is held, as required, within reasonable time "must be determined upon the facts of the particular case").
This office is not charged or equipped to act as a finder of fact in connection with issuing opinions. I am unable, therefore, to state a period of time after which a council would be deemed not to have acted within a reasonable time. But I do believe that a court, in determining such a period of time, could appropriately take into account, among other things, the "first regular meeting" requirement applicable to all other council vacancies in cities of the first class. A court might regard the absence of the timing requirement in A.C.A. § 14-43-411(b)(2) to be an inadvertent omission, and the presence of the requirement in each other case to be *Page 5 
an (admittedly imperfect) expression of legislative intent that all vacancies be filled promptly. I cannot say that such an approach would be inappropriate, especially given that the timing requirement is missing from the provision governing vacancies of shorter duration, where prompt action would seem to be more important, not less.
Question 2 — What are the "legal ramifications" of a council'sfailure to act under A.C.A. 14-43-411(b)(2) to replace an alderman whoseunexpired term is approximately three months?
The statute does not expressly provide that any consequence follows a council's failure to act under A.C.A. § 14-43-411(b)(2). So there can be no assurance that any consequence will follow such a failure. Several provisions of law may supply a remedy or impose a sanction, [3] but it is my view that the availability of a remedy and the applicability of a sanction will depend on all the relevant facts and circumstances of a particular case. As noted above, this office is neither charged nor equipped to act as a finder of fact in connection with issuing opinions. I am unable, therefore, to opine that any particular consequence would or would not follow a city council's inaction regarding a vacancy.
Assistant Attorney General J. M. Barker prepared this opinion, which I approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The statute reads:
 (a)(1)(A) Whenever a vacancy occurs in the office of alderman in a city of the first class having a population of less than twenty thousand (20,000) according to the most recent federal decennial census, at the first regular meeting after the occurrence of the vacancy, the city council shall proceed to elect by a majority vote of the remaining members elected to the council an alderman to serve for the unexpired term.
 (B)(i) However, at least a quorum of the whole number of the city council shall remain in order to fill a vacancy.
 (ii) The election by the remaining members of the city council is not subject to veto by the major.
 (2) The person elected by the council shall be a resident of the ward where the vacancy occurs at the time of the vacancy.
 (b) When a vacancy occurs in any position of alderman in a city having a population of twenty thousand (20,000) or more according to the most recent federal decennial census, a new alderman shall be chosen in the following manner:
 (1) If the unexpired portion of the term of alderman exceeds one (1) year, at the first regular meeting after the occurrence of the vacancy, the city council shall proceed to either elect by a majority vote of the remaining members elected to the council an alderman to serve for the unexpired term or call for a special election to be held in accordance with § 7-11-101 to fill the vacancy; or
 (2) If the unexpired portion of the term of alderman is one (1) year or less, a successor shall be chosen by a majority vote of the members of the council.
[2] The statute originated in 1943 as a single general rule requiring — without exception — the council of any
city of the first class to fill each vacancy "at any regular meeting after the occurrence of such vacancy. . . ." Act 154 of 1943, § 1. The statute's current division of cities of the first class into two categories, large and small, originated with a 1981 amendment.See Act 303 of 1981, § 1. That amendment added an exception, applicable only to larger cities with the major/council form of government, requiring an election when the unexpired term was longer than a year. See id. It also imposed for the first time a requirement that the council take action within a specified time, but the requirement applied only with respect to vacancies to be filled by election. See id. Not until 2009 did the General Assembly amend the statute to require action within a specified time on a vacancy to be filled by the council itself. See Act 385 of 2009, § 2. But the 2009 enactment, requiring the council to act at the first regular meeting after the vacancy occurs, expressly amended only the vacancy provision applying to smaller cities, not the one applying to larger cities, which remains silent as to any time by which the council must act. See id. It is therefore clear that the General Assembly has not imposed an express timing requirement applicable to the circumstances at issue, and the statute is correctly codified in this respect.
[3] See, for example, State v. Craighead Cnty. Bd. of ElectionComm'rs, 300 Ark. 405, 411, 779 S.W.2d 169 (1989) (mandamus as remedy to enforce established public right); T.J. v. Hargrove,362 Ark. 649, 210 S.W.3d 79 (2005) (mandamus may be available to compel official to exercise discretion); A.C.A. § 14-42-109 (Repl. 1998) (alderman may be removed, via criminal proceeding instituted by indictment, for "willfully and knowingly fail[ing], refus[ing], or neglect[ing] to execute . . . any of the laws . . . within [his or her] jurisdiction"); and A.C.A. § 14-42-119 (Supp. 2009) (elected official serving four-year term in municipality with mayor-council government may be recalled).