
# SUPREME COURT OF ARKANSAS

**No.** CV–14–97

| | |
|---|---|
| RYLWELL, LLC; and JOHN THURSTON, ARKANSAS COMMISSIONER OF STATE LANDS<br><br>APPELLANTS<br><br>V.<br><br>MEN HOLDINGS 2, LLC; HOUSE PROPERTIES, INC.; and PULASKI COUNTY<br><br>APPELLEES | **Opinion Delivered** December 11, 2014<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV2011-6158]<br><br>HONORABLE MARY SPENCER McGOWAN, JUDGE<br><br>AFFIRMED. |

**JOSEPHINE LINKER HART, Associate Justice**

Rylwell, LLC (Rylwell) and the Commissioner of State Lands (Commissioner) appeal from the grant of summary judgment in favor of Men Holdings 2, LLC (Men Holdings) and others setting aside a tax sale due to insufficient notice. On appeal Rylwell argues that the circuit court erred in granting appellees' cross-motions for summary judgment based on the lack of constitutional notice of the tax sale. Separate appellant Commissioner argues that the circuit court erred in granting summary judgment based on its finding that Men Holdings was an interested party entitled to notice under Arkansas Code Annotated section 26-37-301. We affirm.

This case involves commercial property on Jamison Road in Southwest Little Rock (the Jamison Road Property). Although it was composed of three separate tracts referred to as "Parcel 700, Parcel 800, and Parcel 900," all 2.14 acres were developed together and

are currently the site of the garages and offices of the Yellow Cab Company. Previously, the land was undeveloped.

In September 1989, Prince House and Bryon House acquired Parcel 800 and Parcel 900 by warranty deed from Worthen Bank and Trust. That transaction gave the Houses an L-shaped tract, 330 feet and 252 feet on the longest dimensions of the property. In May 1994, Cecil and Isabel Hill deeded Parcel 700 to House Properties, Inc. Parcel 700, which is roughly 150 by 150 feet, filled in the cut-out of the L-shaped tract, creating essentially a full rectangular plot. On May 8, 2006, Men Holdings contracted with House Properties, Inc., to purchase the Jamison Road Property for $150,000. It is not disputed that, notwithstanding the intentions of the parties, the metes-and-bounds description in the real-estate contract as well as in the deed, omitted Parcel 700. The warranty deed purporting to convey the Jamison Road Property contained the same metes-and-bounds description.

In 2007, Men Holdings began construction on a half-million-dollar building that they claim is eighty percent on Parcel 700 and twenty percent on Parcel 900. Nonetheless, the building was assessed as being entirely on property owned by Men Holdings. The Pulaski County Tax Collection Division sent tax assessments to Men Holdings at its address of record, which was in Birmingham, Alabama,[1] and it is not disputed that Men Holdings paid the tax bills that it received.

Meanwhile, the Pulaski County Tax Collection Division sent a tax bill for Parcel 700 to House Properties. On December 9, 2008, Barbara House, secretary of House Properties,

---

[1] 5804 Oporto Madrid Blvd., Birmingham, AL., 35210.

Inc., sent a letter to Debra Buckner, of the Pulaski County Tax Collection Division. The letter stated the following:

> In 2006, we sold the property on Jamison Rd. to Men Holdings II, Inc., for their new building. Since that time, I have kept receiving the real estate tax bill for one of the 3 parcels that represent the combined property they purchased from us. I have contacted the Pulaski County Real Estate Tax division several times and they keep saying they well take care of it but I keep getting the bill. I have sent a similar letter to the purchaser, the title company and Irwin Partners, the real estate agent. I don't know if you can do anything but I am concerned that this property could go up for sale. It is not my bill to pay. The three parcel numbers are 34L4320000700, 34L4320000800, and 34L4320000900. It was our understanding that we sold them all 3 of these properties. I have enclosed the copies of the 2005 tax bills with their legal description along with the bill I received from Pulaski County and the real estate contract from the sale.

The letter concluded by providing House's phone number and email address, encouraging contact if there were any questions. The letter informed the taxing authority of the true owner of Parcel 700, how Parcel 700 likely was being used—combined with Parcels 800 and 900, and that tax bills were not being sent to the true owner.

On February 11, 2009, House sent a similar letter to the then Commissioner of State Lands, Mark Wilcox. Commissioner subsequently sent notices of real estate tax deficiency and pending tax sale via certified mail to Men Holdings at a Little Rock address.[2] The notices were returned as undeliverable. After publication in the *Arkansas Democrat-Gazette* on June 10, 2011, Parcel 700 was sold on July 12, 2011, at public auction to Rylwell for $2,588. Rylwell received a limited-warranty deed.

On December 27, 2011, Rylwell filed a complaint in the Pulaski County Circuit

---

[2] 4607 W. 61st, Little Rock, AR., 72209.

Court for confirmation of the tax sale, quiet title, ejectment, and trespass. Men Holdings answered and brought in the Commissioner as a third-party defendant. In its pleading, Men Holdings asserted that it was denied due process because it received inadequate notice and asked that the tax sale be set aside. Both sides moved for summary judgment.

In its motion, Rylwell asserted that error in the property description deprived Men Holdings not only of its interest in Parcel 700, but also of its right to notice of the tax sale. Men Holdings asserted in its motion that it had purchased Parcel 700, along with Parcels 800 and 900, but that Parcel 700 was mistakenly left out of the property description in the warranty deed. Further, it asserted that both the Pulaski County Tax Collection Division and the Commissioner had been notified in writing by Barbara House of its ownership of Parcel 700. Men Holdings further asserted that it had constructed a large building primarily on Parcel 700. It contended that once informed that Men Holdings had purchased Parcel 700, the State was required to do more than send notices to an incorrect address, because Men Holdings was at the same time receiving at its correct address (and paying) tax bills for Parcels 800 and 900.

After a hearing, the circuit court granted Men Holdings' summary-judgment motion. The circuit court found that Men Holdings had received inadequate notice and that the lack of notice violated Men Holdings' due-process rights. Rylwell timely filed a notice of appeal.

On appeal Rylwell argues that the circuit court erred in granting appellees' cross-motions for summary judgment based on the lack of constitutional notice of the tax sale. It asserts that there is no dispute that taxes on Parcel 700 were not paid and that pursuant

to Arkansas Code Annotated section 26–37–101(a)(1), that land was forfeited to the State. Further, the owner of record—House Properties, Inc.—received full statutory notice. It contends that "there was no evidence before the trial court that Appellee Men Holdings had any interest in the property, either recorded or unrecorded." Rylwell argues that the circuit court "had no authority to turn back the clock and give Appellee Men Holdings an interest in Parcel 700 by reforming the deed" because a party cannot obtain reformation if it prejudices a subsequent bona fide purchaser. Arguing further, Rylwell asserts that the statute of frauds is implicated in this situation, which makes the contention that there was an oral agreement between House Properties and Men Holdings "totally irrelevant" as to whether Parcel 700 was transferred to Men Holdings. Additionally, it argues that failure to fully comport with Arkansas's recording laws should inure to its benefit as there was no recorded instrument to show that Men Holdings had an interest in Parcel 700. Rylwell also asserts that because House Properties was the owner of record, Men Holdings could not claim that its due-process rights were violated because those rights belonged to House Properties.

Arguing in the alternative, Rylwell asserts that even if Men Holdings had a constitutionally protected interest in Parcel 700, the notice provided by the Commissioner was sufficient. It acknowledges that, to comport with the due-process clause, notice must be "reasonably calculated, under the circumstances" to apprise the owner of the property of the pending tax sale; however, because House Properties was the owner of record, as verified by a title search, no further steps were necessary. Rylwell contends that publication notice satisfied the requirement to notify the "unknown" owners and "interested parties."

When parties file cross-motions for summary judgment, as in this case, we determine on review whether the appellee was entitled to judgment as a matter of law. *Ark. State Bd. of Election Comm'rs v. Pulaski Cuty Election Comm'n*, 2014 Ark. 236, 437 S.W.3d 80. In cases involving redemption of tax-delinquent lands, strict compliance with the requirement of notice of the tax sales themselves is required before an owner can be deprived of his or her property. *Citifinancial Mortg. Co., Inc. v. Matthews*, 372 Ark. 167, 271 S.W.3d 501 (2008). Notice is constitutionally sufficient if, at the time it was sent, it was reasonably calculated to reach the intended recipient. *Jones v. Flowers*, 547 U.S. 220 (2006).

First, it is necessary to properly characterize the nature of the proceeding before us. We are not reviewing the transaction between the Commissioner and Rylwell. Rather, we are reviewing the propriety of the State's taking Parcel 700 for unpaid taxes. As the Supreme Court stated in *Flowers*, "Before a State may take property and sell it for unpaid taxes, the Due Process Clause of the Fourteenth Amendment requires the government to provide the owner 'notice and an opportunity for hearing appropriate to the nature of the case.'" 547 U.S.220, 223 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)). It is not necessary to have a duly recorded written instrument to be the owner of land. *See Ward v. Williams*, 354 Ark. 168, 118 S.W.3d 513 (2003). Accordingly, while it is undisputed that there is no recorded instrument memorializing the conveyance of Parcel 700 to Men Holdings, this fact is not dispositive of this case. Any sale of tax-delinquent land without proper notice is void. *Sanders v. Ryles*, 318 Ark. 418, 885 S.W.2d 888 (1994). If the State has reason to believe that a party or parties have an interest in real estate, it is

incumbent upon the State to take reasonable steps to give notice to those interested parties. *Id.*; *see also Tulsa Prof. Collection Servs., Inc. v. Pope*, 485 U.S. 478 (1988) (unsecured creditors in probate proceedings entitled to more than publication notice even though identities were not available by title search). Accordingly, Rylwell's argument concerning the lack of a validly recorded instrument memorializing the transaction between Men Holdings and House Properties is of no moment.

Rylwell's assertion of a statute-of-frauds problem likewise does not dispose of this case. Here, the contract between House Properties and Men Holdings had been fully performed. *See Ward v. Williams*, *supra*. Also unavailing is Rylwell's suggestion that it was a bona fide purchaser.[3] Finally, while we agree that all constitutional rights are personal in nature, Rylwell mischaracterizes the facts of this case when it contends that Men Holdings was attempting to assert House Properties' constitutional rights. House Properties did receive notice of the delinquency and tax sale; Men Holdings, though entitled to notice, did not.

The taxing authority and the Commissioner were both informed in writing that Parcel 700 had been conveyed to Men Holdings shortly after the Pulaski County Tax

---

[3]Under the facts of this case, Rylwell could not be considered a bona fide purchaser. In order to be a bona fide purchaser of land in Arkansas, one must take property in good faith, for valuable consideration, and without notice of a prior interest. *Bill's Printing, Inc. v. Carder*, 357 Ark. 242, 161 S.W.3d 803 (2004). A buyer is on notice if he or she is aware of such facts and circumstances as would put a person of ordinary intelligence and prudence on such inquiry that, if diligently pursued, would lead to knowledge of those prior interests. *Id.* This type of notice must be enough to excite attention or put a party on guard to call for an inquiry. *Id.* Here, there was a substantial building covering most of Parcel 700, which was taxed as undeveloped property.

SLIP OPINION

Collection Division sent a property-tax bill to the previous owner/current owner of record.

The Commissioner was also informed in writing that Parcel 700 had been conveyed to Men

Holdings when the Commissioner initiated action to take the property for unpaid taxes.

This information was sufficient to establish that Men Holdings had a "legally protected

property interest" and that the holder of that interest was "reasonably identifiable."

*Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 (1983); *see also Sanders v. Ryles*, *supra*.

While it is true that the Commissioner subsequently sent notice to Men Holdings by

certified mail, when the mail was returned undelivered, additional reasonable efforts to

provide notice was required by the Due Process Clause of the Fourteenth Amendment to

United States Constitution. *Flowers*, *supra*. The *Flowers* Court held due process requires

additional reasonable steps to give notice when the State becomes aware that its prior

attempt to give notice has failed. *Id*. We affirm the circuit court's finding that the notice

provided by the State did not comport with the requirements of due process because the

State did not undertake other reasonable steps to ascertain Men Holdings's address and

provide proper notice of its intent to take Parcel 700.

Regarding Rylwell's alternative argument, Men Holdings's interest in Parcel 700 was

not "unknown" to the State. As noted previously, House Properties provided both Pulaski

County and the Commissioner with written notification of Men Holdings's interest. For

the reasons just stated, due process required the State to take addtional steps to provide

notice to Men Holdings.

The Commissioner argues that the circuit court erred in granting summary judgment

8

based on its finding that Men Holdings was an interested party entitled to notice under

Arkansas Code Annotated section 26-37-301 (Supp. 2007).[4] Relying on the plain wording

_____

[4]The version of section 26-37-301 in force at the time the tax delinquency occurred stated:

(a)(1) Subsequent to receiving tax-delinquent land, the Commissioner of State Lands shall notify the owner, at the owner's last known address as certified by the county, by certified mail, of the owner's right to redeem by paying all taxes, penalties, interest, and costs, including the cost of the notice.

(2) All interested parties shall receive notice of the sale from the Commissioner of State Lands in the same manner.

(3) If the notice by certified mail is returned unclaimed, the Commissioner of State Lands shall mail the notice to the owner or interested party by regular mail.

(4) If the notice by certified mail is returned undelivered for any other reason, the Commissioner of State Lands shall send a second notice to the owner or interested party at any additional address reasonably identifiable through the examination of the real property records properly filed and recorded in the office of the circuit clerk in the county wherein the property is located as follows:

(A) The address shown on the deed to owner;

(B) The address shown on the deed, mortgage, assignment, or other filed and recorded document to the interested party; or

(C) Any other corrected or forwarding address on file with the county tax collector or county tax assessor.

(b)(1) The notice to the owner or interested party shall also indicate that the tax-delinquent land will be sold if not redeemed prior to the date of sale.

(2) The notice shall also indicate the sale date, and that date shall be no earlier than one (1) year after the land is certified to the Commissioner of State Lands.

(c) As used in this section, "owner" and "interested party" means any person, firm, corporation, or partnership holding title to or an interest in the property by virtue of a bona fide recorded instrument at the time of certification to the Commissioner of

SLIP OPINION

of the statute, the Commissioner asserts that Men Holdings was not "owner" and "interested party" because it did not take title to the property "by virtue of a bona fide recorded instrument at the time of certification to the Commissioner of State Lands." Ark. Code Ann. § 26-37-301(c). Further, the Commissioner asserts that no further steps were required because he had no reason to doubt that the owner of record had received notice.

Relying on our statutory notice scheme does not insulate the State from the requirements of the Due Process Clause. *Flowers*, *supra*. As stated above, it is possible to acquire an interest in land without a written instrument. Further, the Commissioner had

---

State Lands.

(d) The Commissioner of State Lands shall not be required to notify, by certified mail or by any other means, any person, firm, corporation, or partnership whose title to or interest in the property is obtained subsequent to certification to the Commissioner of State Lands.

(e)(1) If the Commissioner of State Lands fails to receive proof that the notice sent by certified mail under this section was received by the owner of a homestead, then the Commissioner of State Lands or his or her designee shall provide actual notice to the owner of a homestead by personal service of process at least sixty (60) days before the date of sale.

(2) As used in this subsection:

(A) "Homestead" means the same as defined in § 26-26-1122; and

(B) "Owner of a homestead" means:
    (I) Every owner if the homestead is owned by joint tenants; and
    (ii) Either the husband or the wife if the homestead is owned by tenants by the entirety

(3) The owner of a homestead shall pay for the additional cost of the notice by personal service of process under this subsection.

actual written notice of Men Holdings's interest in Parcel 700. Under these circumstances, we hold that the State was required to take additional reasonable steps to verify whether Men Holdings had an interest in Parcel 700 before depriving it of its ownership. *Flowers*, *supra*.

Affirmed.

HANNAH, C.J., and CORBIN and DANIELSON, JJ., concur.

**JIM HANNAH, Chief Justice, concurring.** I concur in the conclusion reached by the majority; however, I write separately to state that the letters sent by Barbara House, House Properties' secretary, served as notice to Pulaski County and the Commissioner that MEN Holdings had an interest in Parcel 700. It then was incumbent upon the Commissioner to take "additional reasonable steps" to attempt to provide notice to MEN Holdings of the sale, pursuant to the United States Supreme Court's holding in *Jones v. Flowers*, 547 U.S. 220, 225 (2006).

In *Flowers*, Jones, the property owner, challenged a tax sale and claimed that the Commissioner failed to provide notice to him. The Commissioner had not taken any steps to provide notice beyond two pre-sale certified letters and a publication in the local newspaper, and the Commissioner knew that the certified letters to Jones had been returned. The circuit court found that the Commissioner's notice complied with constitutional due-process requirements and ruled in favor of the Commissioner and Flowers, the purchaser at the tax sale. We agreed and affirmed the circuit court's judgment. The United States Supreme Court reversed, holding that "when mailed notice of a tax sale is returned

unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner before selling his property, if it is practicable to do so." *Jones*, 547 U.S. at 225.

Similarly, in the present case, upon learning from Ms. House that MEN Holdings had an interest in Parcel 700, the Commissioner sent two letters to MEN Holdings – one pre-sale and one post-sale – but both letters were returned as undeliverable. When the first letter was returned, the Commissioner was under an obligation to take "additional reasonable steps" to attempt to provide notice to MEN Holdings because it had already been identified as having an interest in the property even though its interest was unrecorded. Therefore, on that basis, I would hold that the Commissioner failed to comply strictly with the notice requirements set forth in Arkansas Code Annotated section 26-37-301 (Repl. 2012).

CORBIN and DANIELSON, JJ., join.

*Hurley & Whitwell, PLLC*, by: *Stephen E. Whitwell*; and

*Carol L. Lincoln* and *Diane Holitik*, Commissioner of State Lands, for appellants.

*Quattlebaum, Grooms, Tull & Burrow PLLC*, by: *Joseph R. Falasco* and *Lindsey C. Pesek*, for appellees.