Cite as 2020 Ark. App. 447

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-19-804

|  |  |
|---|---|
| BERT DICKEY IV AND LULYNNE HICKY<br><br>APPELLANTS<br><br>V.<br><br>GARY LILLARD, BRENDA LILLARD, AND TOMMY LAND, COMMISSIONER OF STATE LANDS<br><br>APPELLEES | **Opinion Delivered** September 30, 2020<br><br>APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT [NO. 12CV-18-3]<br><br>HONORABLE HOLLY L. MEYER, JUDGE<br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Gary and Brenda Lillard purchased a lot in Heber Springs in a delinquent-tax sale conducted by the Commissioner of State Lands and subsequently filed a lawsuit to confirm title in themselves. Bert Dickey and LuLynne Hicky resisted, contending that they did not receive notices prior to the sale and that the attempts to notify them were insufficient. The circuit court ultimately entered a summary-judgment order in favor of the Lillards rejecting the contention that notice was legally inadequate. This appeal followed. The issue on appeal is whether the notice provided by the Commissioner of State Lands to the tax-delinquent property owners prior to the sale complied with Arkansas statutory notice requirements and with the dictates of constitutional due process. We hold that there were no issues of material fact in dispute and that the notice provided in this case complied with

Arkansas Code Annotated section 26–37–301 (Supp. 2019) and with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. We affirm.

The following undisputed chronology places the arguments in context. Baer C. Wood purchased this lot in 1986 and died in 2002. After Wood died, Dickey and Hicky became interest holders in the lot as Wood's heirs; Wood's estate was never probated.[1] After Wood's death, the tax bills were sent to Baer C. Wood, c/o Richard Stichter, 925 Ferguson Road, Heber Springs. The real property taxes were paid from the 2002 through 2011 tax years. In April 2013, Richard Stichter went in person to the county collector's office and changed the tax-bill address to Baer C. Wood c/o Bert Dickey at 701 Hobson Avenue in Hot Springs. The tax bill mailed in July 2013 to Dickey at the Hobson Avenue address was returned to the Cleburne County Collector's Office. No property taxes were paid from and after the 2012 tax year.

In 2016, the Commissioner of State Lands commenced the process to recover the delinquent and unpaid real property taxes. In February 2016, a notice of tax sale was sent by certified mail to Dickey at the Hot Springs address on Hobson Avenue, but the notice was returned to sender, "no such number, unable to forward." The Commissioner undertook a search that included "skip tracing," which revealed several addresses, but the two most current associated addresses were in Hot Springs, one on Central Avenue and one on Lindale Circle. The Cleburne County property records and a title company's search provided no helpful leads.

---

[1]Appellant, Bert Dickey IV, is the son of Bert Dickey III (deceased), and consequently, Wood's grandson. Appellant LuLynne Hicky is Wood's daughter.

In May 2017, the Commissioner resent the notice by certified mail to (1) Bert Dickey at 105 Lindale Lane Circle in Hot Springs and (2) Baer C. Wood at 5000 Central Avenue #20 in Hot Springs. These certified letters were also returned to sender and unable to forward. After the letters were returned, they were resent by regular mail, as indicated by the Commissioner's in-office stamp on the envelope.

In August 2017, the Commissioner published a notice of public sale in The Sun Times, the local Cleburne County newspaper. On September 7, 2017, the Commissioner sent notices of the tax sale, which included the time within which to redeem the property, to Baer C. Wood and/or Bert Dickey at the Hobson Avenue, the Central Avenue, and the Lindale Circle addresses. The Lillards purchased the lot for $46,000 at the tax-delinquency sale and received a limited warranty deed for this forfeited property. No one lodged an objection or an attempt to redeem the property.

In the subsequent lawsuit filed in January 2018 by appellees to confirm the validity of the tax sale, appellants responded and resisted the confirmation, contending that they were deprived of statutory notice and notice required by due process. A motion for summary judgment was filed, appellants responded, and the circuit court was presented with documentary evidence, affidavits, and arguments of counsel to consider, after which the circuit court entered summary judgment.[2]

---

[2]The summonses for this lawsuit were addressed to Dickey at 14515 Jerome Drive, Little Rock, Arkansas, and to Hicky at 2336 North Washington Street, Forrest City, Arkansas. Each summons was sent by certified mail; both were received. However, in Hicky's affidavit in response to the motion for summary judgment, she stated that she had lived at 405 Fleurland, Forrest City, Arkansas, for over forty years.

The issues before us on appeal are whether the circuit court erred in entering summary judgment on compliance with (1) Arkansas statutory notice requirements and (2) notice required by due process. Summary judgment should be granted only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Jarsew, LLC v. Green Tree Servicing, LLC*, 2009 Ark. App. 324, 308 S.W.3d 161. We determine if summary judgment was appropriate by considering whether the evidence presented by the moving party in support of its motion leaves a material fact unanswered, viewing the evidence in the light most favorable to the nonmoving party and resolving all doubts and inferences against the moving party. *Id.*

We first consider whether the circuit court erred in granting summary judgment on the statutory-compliance issue. An issue involving notice given to a party with an interest in tax-delinquent land is a matter of statutory interpretation, which the appellate court will review de novo on the record. *Pulaski Choice, L.L.C. v. 2735 Villa Creek, L.P.*, 2010 Ark. 91, 362 S.W.3d 882. When we construe a statute, we will first examine the plain language of the statute and give the words their plain and ordinary meaning. *Id.*

Arkansas Code Annotated section 26-37-301 (Supp. 2019) provides in relevant part:

> (a)(1) After receiving tax-delinquent land, the Commissioner of State Lands shall notify the owner, at the owner's last known address as certified by the county, by certified mail, of the owner's right to redeem by paying all taxes, penalties, interest, and costs, including the cost of the notice.

> (2) All interested parties, as identified by the Commissioner of State Lands, shall be sent notice of the sale from the Commissioner of State Lands by certified mail.

> (3) If the notice by certified mail is returned unclaimed or refused, the Commissioner of State Lands shall mail the notice to the owner or interested party by regular mail.

(4) If the notice by certified mail is returned undelivered for any other reason, the Commissioner of State Lands *shall send a second notice to the owner or interested party at any additional address reasonably identifiable through the examination of the real property records properly filed and recorded in the office of the county recorder* where the tax-delinquent land is located as follows:

> (A) The address shown on the deed to the owner;
> (B) The address shown on the deed, mortgage, assignment, or other filed and recorded document to the interested party*; or*
> *(C) Any other corrected or forwarding address on file with the county collector or county assessor.*

. . . .

(c) As used in this section, "owner" and "interested party" mean any person, firm, corporation, or partnership holding title to or an interest in the tax-delinquent land by virtue of a bona fide recorded instrument at the time of certification to the Commissioner of State Lands.

. . . .

(f) The validity of a notice under this section may be challenged only by an owner or interested party of tax-delinquent land that did not receive notice in substantial compliance with this section.[3]

(Emphasis added.) "In the event that the mailing address or electronic address information of the taxpayer changes, the taxpayer has an obligation to furnish the correct mailing address or electronic address information." Ark. Code Ann. § 26-35-705(c) (Supp. 2019).

Appellants argue that there remains a material question of fact regarding whether the Commissioner actually resent the notices by regular mail after the certified mailings were returned to sender. We disagree. The motion for summary judgment included copies of the certified mailings, the stamps on those mailings from the post office showing that they were

---

[3]The current version of section 26-37-301 is slightly different than the version in effect at the time of these proceedings, but the changes are immaterial to the question we are presented in this appeal.

5

returned as undeliverable, and the Commissioner's in-office stamps on the envelopes indicating the date they were resent by regular mail. The Commissioner used the name and address provided by Mr. Stichter to the county officials in 2013, showing the information changed to Baer C. Wood c/o Bert Dickey at 701 Hobson Avenue in Hot Springs. The Commissioner additionally utilized alternative search methods, found the two most recently associated addresses, and attempted notification at those addresses.[4] These steps clearly satisfied Ark. Code Ann. § 26-37-301(a)(4)(C). There were no remaining issues of material fact on whether the Commissioner complied with the Arkansas statutory notice mandates, and appellees were entitled to judgment as a matter of law on this aspect of their motion.

We next consider whether the circuit court erred in determining that appellees were entitled to judgment on the due-process aspect of their motion. We hold that the Commissioner made additional reasonable efforts to notify appellants, that there remained no issues of material fact on this issue, and that the circuit court correctly ruled in favor of appellees.

Before a State may take property and sell it for unpaid taxes, the Due Process Clause of the Fourteenth Amendment requires the government to provide the owner notice and an opportunity for hearing appropriate to the nature of the case. *Jones v. Flowers*, 547 U.S. 220 (2006). Notice is constitutionally sufficient if, at the time it was sent, it was reasonably

---

[4]While appellants argue that the Commissioner's search revealed telephone numbers as potential contacts that the Commissioner should have used, the statute does not require the Commissioner to attempt contact by telephone. Appellants further contend that the Commissioner should have used the addresses on the 1986 deed, but this is only one of three statutorily approved methods. Appellants additionally suggest alternative means of notice (sending a letter to the property addressed to "occupant" or posting a written notice on the land itself), but section 26-37-301 does not require such measures.

calculated to reach the intended recipient. *Id.* Due process does not require that a property owner receive actual notice. *Metro Empire Land Ass'n, LLC v. Arlands, LLC*, 2012 Ark. App. 350, 415 S.W.3d 594. Any sale of tax-delinquent land without proper notice is void. *Rylwell, LLC v. Men Holdings 2, LLC*, 2014 Ark. 522, 452 S.W.3d 96. If the State has reason to believe that a party or parties have an interest in real estate, it is incumbent upon the State to take reasonable steps to give notice to those interested parties. *Id.* When the Commissioner sends notice to an owner or interested party by certified mail that is returned undelivered, additional reasonable efforts to provide notice are required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Jones*, *supra*.

It is undisputed that the Commissioner sent certified letters in an attempt to provide notice to the landowner and interested parties, but all those attempts were sent back to the Commissioner by the post office as "return to sender" or undeliverable. The documentary evidence establishes that the Commissioner resent notices by regular mail after the certified mailings were unsuccessful.

In 2006, the Supreme Court in *Jones v. Flowers* considered what due process requires for purposes of notifying interested parties when property in Arkansas is to be sold to recoup delinquent taxes. The Supreme Court offered up suggested additional reasonable steps such as following up an undelivered certified mailing with a resent notice by regular mail (which was done here) or perhaps posting a notice on the front door of the property addressed to "occupant." The Court rejected the notion that the Commissioner was required to conduct open-ended searches such as searching the local phone book or other government records because that would impose burdens on the State significantly greater than the relatively easy

options it outlined. The Court declined to prescribe the form of service that should be adopted, instead leaving it to Arkansas to determine how best to proceed.

In the legislative session that followed the *Jones* decision, our legislature added the provisions in section 26-37-301(a)(3) and (a)(4) enumerating additional reasonable steps designed to provide notice to owners and interested parties. *See* Act 706 of 2007, § 4. The Commissioner here complied with the statutorily suggested alternative methods to notify the owner and interested parties by using the forwarded address given to the county office, and the Commissioner also utilized two additional addresses found pursuant to other search methods. While more extensive efforts *could* have been undertaken, our decision is limited to determining whether the circuit court erred in declaring that due process was satisfied on these facts. We hold that the circuit court did not err because due process was satisfied.

The Commissioner's acts herein complied with the statutory requirements and with constitutional due process. The circuit court did not err in entering summary judgment on the undisputed material facts presented.

Affirmed.

HARRISON and HIXSON, JJ., agree.

*Blair & Stroud*, by: *H. David Butler* and *Barrett S. Moore*, for appellants.

*Tilley, Prince & O'Neill*, by: *Christopher J. O'Neill*, for separate appellees Gary Lillard and Brenda Lillard.